DOYT HUFFMAN, ADMINISTRATOR OF THE ESTATE OF RUTH HUFFMAN, DECEASED, AND BURKE COUNTY SAVINGS & LOAN ASSOCIATION v. STATE CAPITAL LIFE INSURANCE COMPANY

No. 7025DC108

(Filed 27 May 1970)

1. Insurance § 37— action on life insurance policy — sufficiency of evidence

     In this action to recover benefits of a life insurance policy, admissions by defendant insurance company that it issued the policy, that insured died during the period for which premiums were paid, and that proof of death was duly submitted, and introduction of the policy by plaintiff made a *prima facie* case for the jury and placed on defendant the burden of showing legal excuse for refusing payment according to the terms of the policy.

2. Insurance § 18— avoidance of life insurance policy — false application statements as to health

     In order to avoid a policy of life insurance on the ground that the insured made false statements as to his health in his application for the insurance, it is not necessary that the insurance company show that the insured harbored any intent to deceive, the statement as to insured's health being material as a matter of law.

3. Insurance §§ 18, 37— action on life policy — instructions — false

**application statements as to health — avoidance of policy — burden on defendant insurer**

In this action to recover life insurance benefits wherein defendant insurer sought to avoid the policy on the ground that insured had made false statements in her application for the policy that she was in good health "as far as she knew" and that she had not consulted a physician in the last seven years, when in fact deceased was being treated for lung cancer which subsequently caused her death, the trial court erred in instructing the jury that to avoid the policy defendant was required to prove not only that insured answered incorrectly the question as to her knowledge of her state of health, but that she did so with intent to deceive and mislead defendant into issuing the policy of insurance.

**4. Insurance §§ 13, 37— life insurance — construction of "good health" clause**

Where a life insurance policy is issued without prior medical examination, a "good health" clause in the application will be construed literally as requiring good health of the insured at the time the policy is issued or delivered and will not be construed as applying only to changes in the applicant's health which have taken place since the making or acceptance of the application, it being immaterial that the insured was ignorant of his condition.

APPEAL by defendant from *Evans, District Judge,* 15 September 1969 Session of BURKE District Court.

In this civil action plaintiffs seek recovery of death benefits allegedly payable to them as beneficiaries of a policy of insurance issued by defendant insuring the life of Ruth Huffman, who died on 28 August 1968. Defendant filed answer admitting issuance of the policy and death of the insured. In a further answer defendant denied liability on the grounds, first, that the insured made material misrepresentations in her application for the policy, and, second, that the policy did not take effect in that the insured was not in good health on the date the policy was issued and delivered. Plaintiff's replied, denying all allegations in the further answer.

At the trial defendant stipulated that it had issued the policy to Ruth Huffman on 6 March 1968 and that all premiums were paid through and including the date of her death on 28 August 1968. Plaintiffs introduced in evidence the policy, copy of which had been attached to their complaint as an exhibit, and introduced the paragraphs of the complaint and answer in which plaintiffs had alleged and defendant had admitted timely filing of proof of loss, demand by plaintiffs, and refusal to pay by defendant. Plaintiffs then rested.

The insurance policy contained the following:

"THE CONTRACT — This policy has been issued in consid-

eration of the application and of the payment of premiums as provided.

:.      "The Policy and the application, copy of which is attached, constitute the entire contract."

The insurance policy, as attached to plaintiffs' complaint as an exhibit and as introduced in evidence by them, did not have attached thereto a copy of the application for the policy.

Defendant introduced in evidence the application for the life insurance, which was dated 26 February 1968, together with the testimony of defendant's agent that the insured answered the questions in the application as stated therein and after the answers were inserted, signed the application. Questions eleven and thirteen were answered as follows:

"11. Are you now in good health so far as you know?   Yes

*     *     *     *     *

"13. Name below all causes for which you have consulted a physician in last seven years.

| "Cause or Nature of Cause | No. of Attacks | Date | Severity and Duration |
|---|---|---|---|
| "N O N E | | | |

| "Any Remaining Effects | Attending Physician's Name and Address |
|---|---|
| "N O N E" | |

The application also contained the following language:

·.      "The Policy shall not take effect unless and until it is delivered to the insured and the first premium is paid during the Insured's good health."

Defendant also presented the testimony of a doctor, who testified: He had first seen the insured as a patient in his office on 12 June 1967. As a result of the examination which he made at that time, she was admitted as a patient at Grace Hospital. From examinations and tests conducted at the hospital, her condition was diagnosed as lung cancer. Subsequently, in late June or early July 1967, she transferred as a patient to Baptist Hospital in Winston-Salem. The doctor again saw her as his patient on 3, 7, 8 and 11 November 1967. On 22 January 1968 she was readmitted to Grace Hospital for a checkup, and she remained in the hospital until 27 January 1968. The doctor next saw her on 30 January 1968 and again on 2 and 9

February 1968. He also saw her as his patient on 4, 7 and 15 March 1968 and on 2 and 22 April 1968.

Defendant introduced in evidence a copy of the death certificate of Ruth Huffman indicating her death on 28 August 1968 as a result of cancer commencing fifteen months prior to death.

At the completion of all evidence defendant's motion for nonsuit was denied and the case was submitted to the jury. By consent of the parties, the jury answered the first three issues, relating to the issuance of the policy, payment of premiums, and filing due notice of death and proper claim forms, in plaintiffs' favor. Issues four through nine were answered as follows:

"4. Did the insured, Ruth Huffman, in the written application to the defendant, represent that she was in good health, so far as she knew?

"ANSWER: NO.

"5. Was the representation false?

"ANSWER:

"6. Did the insured, Ruth Huffman, represent in her written application to the defendant that she had not consulted a physician in the last seven (7) years?

"ANSWER: NO.

"7. Was said representation false?

"ANSWER:

"8. Was the insured, Ruth Huffman, not in good health on March 6, 1968, as alleged in defendant's further answer and defense?

"ANSWER: NO.

"9. What amount, if any, are the plaintiffs entitled to recover from the defendant?

"ANSWER: $3,700.00."

By stipulation, the parties had agreed that if the jury should answer issue No. 9 at all, the answer should be either "$3,700.00" or "None."

From judgment that plaintiffs recover $3,700.00 from defendant, defendant appeals.

*Byrd, Byrd & Ervin, by Robert B. Byrd and John W. Ervin, Jr., for plaintiff appellees.*

*Allen, Steed & Pullen; and Patton & Starnes, by Thomas W. Steed, Jr., for defendant appellant.*

PARKER, J.

**[1]**   Defendant admitted issuance of the policy, death of the insured during the period for which premiums were paid, and that proof of death was duly submitted. Plaintiffs introduced the policy. The admissions and the policy made a *prima facie* case for the jury and placed on defendant the burden of showing legal excuse for refusing payment according to the terms of the policy. *Rhinehardt v. Insurance Co.,* 254 N.C. 671, 119 S.E. 2d 614; *Chavis v. Insurance Co.,* 251 N.C. 849, 112 S.E. 2d 574. Plaintiffs' evidence did not establish defendant's affirmative defenses as a matter of law, and defendant's assignment of error based on the court's refusal to grant nonsuit cannot be sustained.

**[2, 3]**   When instructing the jury the court charged that if the jury should find from the evidence that the deceased had made false statements in answer to questions on the application for the insurance policy relating to her health and that the deceased knew at the time that such statements were false *"and that she made them for the purpose of misleading the defendant into entering into a contract of insurance"* then they should find for the defendant. (Emphasis added.) The court had previously instructed the jury that if they believed that the answer made by the deceased in her application for the insurance policy, even though untrue, was "made in good faith and without any intention to deceive, then, in that event the incorrect proof of said answer would not prevent the plaintiff from recovering." These instructions, in addition to being obscure, were erroneous. In order to avoid the policy on the grounds that the insured made false statements in her application for insurance as to her health, it was not necessary that the defendant insurance company show that the insured harbored any intent to deceive. "If insured made the statement and if it was false, the question as to whether it was fraudulently, knowingly or innocently made is of no importance. The statement in either case is material as a matter of law, and the policy will be avoided." *Rhinehardt v. Insurance Co., supra.* Appellees seek to distinguish the instant case from the *Rhinehardt* case on the ground that the application which insured signed in the instant case required the insured to answer if she was in good health *so far as she knew.* Appellees contend that the phraseology of the question necessarily injected the element of *scienter.* Even so, the court's charge was in error, since it required the defendant to

HUFFMAN v. INSURANCE CO.

prove not only that the insured answered the question as to her knowledge of her state of health incorrectly, but that she did so with the specific intent to deceive and mislead the defendant into issuing the policy of insurance. The defendant was not required to carry such a burden in order to make good its defense.

In oral argument appellees' counsel also contended that any error in the charge could not have been prejudicial, since the effect of the jury's verdict in answering issues 4 and 6 was to find that the insured had not in fact answered questions 11 and 13 on the application in the manner disclosed by defendant's evidence, and therefore the jury could not have been concerned with any question as to whether the deceased harbored an intent to deceive. We do not agree. In the instant case, unlike the situation which was presented in *Chavis v. Insurance Co., supra*, there was no conflict in the evidence as to whether the insured had actually answered the questions on the application in the manner disclosed by defendant's evidence. All of the evidence indicated that she did. The charge considered as a whole was confusing, and the jury could well have been misled.

[4]  Appellant's remaining assignments of error relating to the court's charge to the jury also have merit. In particular, the court failed to charge the jury properly as to the substantive law applicable to issue number 8, relating to the "good-health" clause contained in the application for the insurance policy. "Such a provision is valid and enforceable, and is generally considered a condition precedent to the policy's becoming effective, and it is immaterial in this respect that the insured was ignorant of his condition." 43 Am. Jur. 2d, Insurance, § 234, p. 295. Where, as was the case here, the policy is issued without a prior medical examination, a majority of jurisdictions which have considered the matter have adopted the view that a "good-health" clause of the type involved in this action will be construed literally as requiring good health of the insured at the time the policy is issued or delivered and will not be construed as applying only to changes in the applicant's health which have taken place since the making or acceptance of the application. 43 Am. Jur. 2d, Insurance, § 235, at p. 297; Annotations, 136 A.L.R. 1516, 1527; 60 A.L.R. 2d, 1429, 1440.

For the errors noted in the court's charge, there must be a

New trial.

MORRIS and HEDRICK, JJ., concur.