RENTAL TOWEL AND UNIFORM SERVICE v. BYNUM INTERNATIONAL, INC.

No. 20

(Filed 6 October 1981)

Contracts § 28— breach of contract action—instructions proper

> In an action to recover damages for breach of a contract under which plaintiff supplied uniforms for defendant's employees, evidence was insufficient to raise a question for the jury as to whether the parties intended to enter into a thirty month contract or whether they intended to enter a contract for a renewal term; therefore, the trial court did not err in failing to so instruct the jury.

APPEAL by plaintiff pursuant to G.S. 7A-30(2) from decision of the Court of Appeals (51 N.C. App. 203, --- S.E. 2d --- (1981)) granting a partial new trial in this cause which was heard at the 11 March 1980 Session of the District Court for CUMBERLAND County presided over by *Cherry, Judge.*

In this civil action plaintiff seeks to recover sums allegedly due it under a written contract which it contends defendant breached. In its complaint plaintiff alleges that the parties entered into the contract on 8 November 1978; that under the terms of the contract plaintiff agreed to supply defendant with uniforms for defendant's employees in return for monetary compensation to be paid by defendant to plaintiff; that on or about 29

May 1979 defendant breached the contract by informing plaintiff that it should retrieve its uniforms from defendant's place of business and discontinue any and all further service to defendant; that plaintiff fully performed its duties under the contract from 8 November 1978 until it received notice from defendant to terminate service thereunder; that the contract provides that upon a breach of its terms, plaintiff would be entitled to liquidated damages in the amount of one-half of the weekly fee set forth in the contract multiplied by the remaining number of weeks stated therein; and that plaintiff is entitled to recover $3,276.44 plus interest and costs.

Defendant filed an answer and counterclaim in which it (1) moved to dismiss the complaint pursuant to Rule 12(b) for that it fails to state a claim against defendant for which relief can be granted; (2) admitted that the parties are corporations with offices in Cumberland and Harnett Counties but denied all other allegations of the complaint; and (3) pleaded a "THIRD DEFENSE AND COUNTERCLAIM" in which it did the following: (a) alleged a counterclaim for $1,000 based on plaintiff's tender of nonconforming goods and defendant's rejection of same as provided by G.S. 25-2-612 and other sections of the Uniform Commercial Code; and (b) alleged the further defense that the contract in question was a renewal contract, that defendant had made material alterations to the paper writing signed by defendant, and that plaintiff was not entitled to any recovery thereunder.

Both parties presented evidence. At the conclusion of plaintiff's evidence and at the close of all the evidence, defendant's motions for directed verdict were denied. At the conclusion of the evidence, plaintiff's motion for a directed verdict as to defendant's counterclaim was allowed.

Issues were submitted to and answered by the jury as follows:

(1) Did the parties intend to enter into a contract to become effective on the installment date of December 11, 1978, with the terms of the contract to be as set forth in Paragraph Two (2) of the contract?

Yes: X___    No  ____

(2) Did the defendant, Bynum International, Inc. breach the contract?

Yes: X    No ____

The court calculated the amount of damages as provided by the contract and entered judgment in favor of plaintiff for $3,276.44 plus interest and costs. Defendant appealed but did not assign error to the granting of plaintiff's motion for a directed verdict as to the counterclaim.

A majority of the hearing panel of the Court of Appeals held that the evidence was sufficient to raise an inference that the parties intended to enter into a 30-month contract as contended by plaintiff; that the evidence was also sufficient to raise an inference that the parties intended to enter into a contract for a renewal term as contended by defendant; and that the first issue submitted to the jury did not resolve the controversy. Thereupon, the Court of Appeals affirmed the judgment as it related to defendant's counterclaim but ordered a new trial with respect to plaintiff's claim.

Judge Clark dissented on the ground that the issues submitted were properly raised by the pleadings and the evidence and were sufficient to resolve all material controversies between the parties.

*H. Gerald Beaver for plaintiff-appellant.*

*R. Allen Lytch, P.A., by Benjamin N. Thompson, for defendant-appellee.*

BRITT, Justice.

Plaintiff contends that the Court of Appeals erred in concluding that the trial judge did not submit appropriate issues to the jury. We agree with this contention.

It is an elementary principle of law that the trial judge must submit to the jury such issues as are necessary to settle the material controversies raised in the pleadings and supported by the evidence. *Link v. Link*, 278 N.C. 181, 179 S.E. 2d 697 (1971); *Johnson v. Lamb*, 273 N.C. 701, 161 S.E. 2d 131 (1968); *Heating Co. v. Construction Co.*, 268 N.C. 23, 149 S.E. 2d 625 (1966); *Brown v. Daniel*, 219 N.C. 349, 13 S.E. 2d 623 (1941). "Issues shall be framed

in concise and direct terms, and prolixity and confusion must be avoided by not having too many issues." G.S. 1A-1, Rule 49(b). "The number, form and phraseology of the issues lie within the sound discretion of the trial court, and the issues will not be held for error if they are sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause." *Chalmers v. Womack,* 269 N.C. 433, 435-36, 152 S.E. 2d 505 (1967).

Paragraph two of the agreement admittedly signed by the parties provides in pertinent part as follows:

> 2. TERMS OF AGREEMENT: In consideration of the substantial investment by RENTAL [plaintiff] in merchandise and equipment to provide service to CUSTOMER [defendant], this Agreement shall continue for thirty (30) months from the installation date, and shall continue from year to year thereafter, provided it is not terminated by either party by written notice to the other at least sixty (60) days prior to the expiration of the initial term or any renewal term. . . .

> \* \* \*

> If the CUSTOMER fails to comply with this Agreement or if the CUSTOMER elects to terminate it for any reason prior to the expiration of the term above stated, the CUSTOMER will pay RENTAL as liquidated charges, an amount equal to one-half of the total regular weekly rental multiplied by the number of weeks remaining in the term, plus the current replacement value of any garments not returned to RENTAL.

The Court of Appeals concluded that the trial court should have submitted an issue as to whether the parties intended to enter into a contract for a renewal term as contended by defendant. We disagree with this conclusion for the reason that defendant's contention on this point is not supported by the pleadings and the evidence.

Plaintiff alleged the execution by both parties of the written agreement introduced into evidence, that it complied with the terms thereof, and that defendant breached the agreement. While defendant alleged in the further defense pleaded in its answer that the agreement in question was a renewal of an existing

agreement between the parties, it failed to plead and prove the terms of the existing agreement.

At trial plaintiff introduced a paper writing entitled "Rental Service Agreement" which contained the signature of John W. Miller, the general manager of plaintiff, dated 8 November 1978, and the signature of Richard F. Bynum, the president of defendant.

Miller testified in pertinent part that the parties had been doing business under a contract which began in 1976; that the contract had expired and the parties were in the process of negotiating a new contract; that on or about 8 November 1978 he received from his route salesman the document in question which had been signed by Mr. Bynum; that when he received the document, there was nothing written in the blank provided for installation date; that the date 10/16/78 was written in the blank "that said renewal"; that he understood this was the date on which Mr. Bynum signed the contract; that after receiving the document, he struck out the date 10/16/78 in the renewal blank and inserted therein plaintiff's identification number; that he inserted the installation date in that blank; that upon receiving the contract, plaintiff ordered all new pants and long-sleeved shirts for defendant's employees; that on 11 December 1978 the new uniforms were delivered to and accepted by defendant; that defendant paid the rental fees for several months; that when plaintiff received them back, they had been worn; and that the identification number he placed on the document refers to the previous contract.

Larry A. Vetter testified that he was plaintiff's route salesman that called on defendant from March, 1979, to July, 1979; that around 15 May 1979 he began delivering short-sleeved shirts from the previous season to defendant; that Mr. Bynum indicated that he was dissatisfied with the short-sleeved shirts and wanted the route supervisor to call him; and that he made his final pickup of uniforms from defendant on 23 July 1979.

Stanley Willis testified that he was a route supervisor for plaintiff for 13 years including the times in question in 1979; that some time in May of 1979 Mr. Vetter told him that Mr. Bynum was dissatisfied with the shirts defendant was getting and felt that they should get new ones; that he ordered new shirts for

defendant and received them in about two weeks; that he then called Mr. Bynum and told him the new shirts had arrived; that Mr. Bynum advised him that he had ordered shirts from another company; and that he informed Mr. Bynum that he was ordering new shirts before he did so.

Richard F. Bynum was the sole witness for defendant. He testified that he was defendant's president and general manager; that in 1976 "we entered into business with the plaintiff for the rental of towels and uniforms"; that in October of 1978 he had a conversation with one of plaintiff's representatives concerning new uniforms; that the representative informed him it was necessary for him to sign a renewal agreement before defendant could receive new uniforms; that he signed the document in question but it has been changed since then; that the renewal date has been struck out and "our former contract" number has been inserted in the renewal blank; and that an installation date has been written in. On cross-examination he stated that he was aware of the difference between the ordering date of the uniforms and the installation date; that he was not surprised by the installation date being written on the contract some weeks after he signed it; that he read the contract but he signed it as a renewal "from the people I had been doing business with for several years"; that he was not aware that paragraph two of the contract provided that the agreement was to continue 30 months from the installation date; that he did not want a 30-month contract; that although he signed the document in question and paragraph two does state that the agreement shall continue for 30 months following the installation date, he signed the document as a renewal; that his interpretation of the contract in question was that it would be for 12 months and not 30 months as plaintiff contends.

Although defendant alleged in its further defense that it intended to enter into a "renewal" contract, and its evidence in several instances alluded to a "renewal" contract, there was never any showing by any evidence what the terms of the previous contract were. Defendant appears to argue that the previous contract contained provisions similar to paragraph two of the new contract quoted above, but there was no evidence tending to show that.

We conclude that the trial judge submitted issues that were necessary to settle the material controversy raised in the

pleadings and supported by the evidence. While it is true that in his charge to the jury the trial judge reviewed certain evidence relating to a "renewal" contract, and that he stated defendant's contention thereon, since this part of the charge was favorable to defendant, it is not in position to complain. *See* 1 Strong's N.C. Index 3d, Appeal and Error, § 47.

The decision of the Court of Appeals is reversed and the judgment of the trial court will be reinstated.

Reversed.