CLARA JEAN PITTMAN, ADMINISTRATRIX OF THE ESTATE OF JANIS W. PITTMAN, DECEASED v. FIRST PROTECTION LIFE INSURANCE COMPANY

No. 8410SC402

(Filed 5 February 1985)

1. **Insurance § 18.1— misrepresentation as to health—refusal of insurer to pay—issue submitted by trial court proper**

     In an action to recover on an insurance policy where defendant refused to pay because it contended that insured had a history of heart trouble and high blood pressure and had recently received medical treatment for it, but failed to indicate his condition in an application for insurance filled out by defendant's agent and signed by insured, while plaintiff contended that the information was made known to defendant's agent who negligently failed to write it on the form or to make further inquiry, the trial court did not err in submit-

ting to the jury one issue, "Was the false answer on the application for insurance caused by the agent of the defendant, . . ., without the knowledge of the Applicant," rather than the four issues requested by plaintiff.

**2. Insurance § 19.1— misrepresentation in application—agent's failure to disclose information to insurer—instructions proper**

In an action to recover on an insurance policy where defendant refused to pay because of misrepresentations in the application for insurance, the trial court properly instructed on the effect of an agent's failure to disclose to the insurer material facts which have been made known to him by the applicant or the agent's failure to make inquiry when his knowledge of certain facts should have prompted further inquiry.

**3. Insurance § 18.1— misrepresentation in application—signing by insured— knowledge of misrepresentation by insured immaterial**

An insured who signs an application for insurance adopts it as his statement, and the fact that he may have made a misrepresentation unknowingly does not, in the absence of bad faith on the part of the insurer or its agent, alter the effect of the misrepresentation.

Chief Judge HEDRICK concurring in result.

APPEAL by plaintiff from *Battle, Judge.* Judgment entered 17 November 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 4 December 1984.

This is a civil action in which plaintiff seeks benefits alleged to be due under an insurance policy issued by defendant.

On 2 September 1981, plaintiff and her late husband purchased a "van conversion" vehicle from Bobby Murray Chevrolet. The sale was closed and financing arrangements made in the office of Joe Maugham who was the "Finance and Insurance Manager" for Bobby Murray Chevrolet. Maugham was also a licensed insurance agent for defendant. During the closing, the Pittmans responded that they wanted "credit life insurance" so that, if the insured died, the payments on the vehicle would continue to be made. Mrs. Pittman testified at trial that, when Maugham asked which of them they wanted to insure, she responded, "[W]e want to insure Janis, he's just getting over a heart attack." Mrs. Pittman further testified that Maugham then turned a paper form around on his desk and asked Mr. Pittman to sign it. Mr. Pittman signed the form, an application for insurance, but neither he nor Mrs. Pittman read it.

The application form, furnished to Bobby Murray Chevrolet by defendant, requires the applicant to provide information re-

garding medical treatment within the preceding twelve months for:

> Any disease of the heart, or any disease of the circulatory system, high blood pressure or cancer or other malignant neoplasm or leukemia or uremia or any disease of the kidney or diabetes or tuberculosis, or emphysema, or any disease of the lungs, or cirrhosis of the liver or alcoholism.

The form indicates that the information provided will be used to determine the applicant's insurability. Nothing appears in the space provided for listing the information. Mr. Pittman's signature appears directly below this space.

· Testifying at trial, Maugham could recall none of the specifics of the transaction and nothing unusual about it. He handled 700 closings in 1981. He testified that neither Mr. nor Mrs. Pittman indicated that Mr. Pittman had heart trouble, because if they had, he testified, "I would have had it on that form." The form was completed and the Pittmans paid a $567.38 premium. General Motors Acceptance Corp. was named as the primary beneficiary under the policy and Pittman's estate as the secondary beneficiary. Defendant thereafter issued a certificate of insurance on the life of Janis Pittman, effective 2 September 1981.

Mr. Pittman had been treated for high blood pressure since 1966. In September, 1978, he was hospitalized for a heart attack. Thereafter, he had complaints of chest pains and was regularly seen and treated by a cardiologist. He had a mild heart attack in July of 1981 and a fatal one on 13 December 1981.

Plaintiff filed a timely claim and proof of death of the insured with defendant. Defendant refused to pay the claim.

On 10 May 1982, plaintiff filed the complaint in this matter seeking compensatory damages in the amount due under the policy which, at the time of the claim, was $16,721.05. In addition to the breach of the insurance contract, plaintiff alleged in her complaint that Maugham was the agent of defendant and that he had acted negligently in failing to advise Mr. Pittman of the requirement that he indicate his recent medical treatment. Alternatively, plaintiff alleged that defendant was negligent in failing to train Maugham adequately so as to make appropriate inquiries

regarding the health of applicants for insurance, specifically Mr. Pittman.

Defendant answered, denying liability and counterclaiming for rescission of the insurance policy because of the false representations allegedly made by plaintiff and her husband.

After presentation of evidence and testimony by both sides, plaintiff requested that the following issues be submitted to the jury:

1. Was Joe Maugham the agent of First Protection Life Insurance Company on September 2, 1981, acting within the course and scope of his agency, as alleged in the Complaint?

2. Was a false representation made to First Protection Life Insurance Company by a failure to disclose such facts, that during the one year period prior to September 2, 1981, Janis W. Pittman had not been treated for any disease of the heart, any disease of the circulatory system, or high blood pressure, as alleged in the Answer?

3. If not, did the agent of First Protection Life Insurance Company fail to enter the facts disclosed on the application form, without the actual or implied knowledge of Janis W. Pittman, Deceased, as alleged in the Reply?

4. Is the Estate of Janis W. Pittman, Deceased, entitled to recover the death benefit of $16,721.05 payable under the Certificate of Insured issued by First Protection Life Insurance Company to Janis W. Pittman on September 3, 1981?

The court refused, submitting instead the following issue, which was answered as indicated:

1. Was the false answer on the application for insurance caused by the agent of the defendant, First Protection Life Insurance Company, without the knowledge of the Applicant, Janis W. Pittman?

ANSWER: No.

Judgment was entered for defendant and plaintiff appealed.

*Horton and Michaels, by Walter L. Horton, Jr., for plaintiff appellant.*

*Hatch, Little, Bunn, Jones, Few and Berry, by David H. Permar, for defendant appellee.*

EAGLES, Judge.

[1]    Plaintiff first contends that the trial court erred in the manner in which the case was submitted to the jury. Instead of the single issue, plaintiff argues that the court should have submitted the four issues tendered by her. Plaintiff contends that the single issue was deficient as to form and substance and deprived plaintiff of full consideration by the jury of the material questions of fact raised by the evidence. We disagree.

It is a well established principle of our law that the trial judge must submit to the jury those issues necessary to resolve the controversies raised in the pleadings and supported by the evidence. *Uniform Service v. Bynum International, Inc.,* 304 N.C. 174, 282 S.E. 2d 426 (1981); *Link v. Link,* 278 N.C. 181, 179 S.E. 2d 697 (1971). Our Rules of Civil Procedure specify that "[i]ssues shall be framed in concise and direct terms, and prolixity and confusion must be avoided by not having too many issues." G.S. 1A-1, Rule 49(b). While the issues raised by the pleadings and evidence *must* be submitted to the jury, *East Coast Oil v. Fair,* 3 N.C. App. 175, 164 S.E. 2d 482 (1968) (decided under former law), the actual framing and wording of the issues lies within the discretion of the trial judge. *Uniform Service v. Bynum International, Inc., supra; Brant v. Compton,* 16 N.C. App. 184, 191 S.E. 2d 383, *cert. denied,* 282 N.C. 672, 196 S.E. 2d 809 (1972).

With these principles in mind, we believe that the single issue submitted to the jury by the trial court adequately presented the controversies fairly raised by the pleadings and evidence as well as the issues tendered by plaintiff. This action involves a suit on an insurance contract where the defendant insurance company has refused to pay the beneficiary under the terms of the policy upon the happening of the event insured against — the death of Janis Pittman. The reason for that refusal, as asserted by the defendant, is that Mr. Pittman had a history of heart trouble and high blood pressure and recently had received medical treatment for it but failed to indicate his condition in the

application for insurance which he signed. Plaintiff asserts that the information was made known to defendant's agent who negligently failed to write the information on the form that he asked Mr. Pittman to sign or to make further inquiry.

Certain pertinent facts are undisputed: (1) the application form was completed by Maugham who then requested Mr. Pittman to sign it; (2) the form was signed by Mr. Pittman; (3) the form bearing his signature indicates that Mr. Pittman had no recent history of disease, specifically heart disease or high blood pressure; and (4) Mr. Pittman had been treated for such problems within the preceding year and, in fact, died of a heart attack. Obviously, the application contained incorrect information. The insurance was issued on the assumption that the information was accurate.

It is a basic principle of insurance law that the insurer may avoid his obligation under the insurance contract by a showing that the insured made representations in his application that were *material* and *false. Tolbert v. Mutual Benefit Life Insurance Co.*, 236 N.C. 416, 72 S.E. 2d 915 (1952); *Willetts v. Integon Insurance Co.*, 45 N.C. App. 424, 263 S.E. 2d 300, *rev. denied*, 300 N.C. 562, 270 S.E. 2d 116 (1980). Here, there is no question that the representation on the application is false. By signing the application, the applicant adopts it as his own statement. *Jones v. Home Security Life*, 254 N.C. 407, 119 S.E. 2d 215 (1961). Representations made in an insurance application regarding the health of the applicant are material as a matter of law. *Sims v. Liberty Mutual Ins. Co.*, 257 N.C. 32, 125 S.E. 2d 362 (1962); *Eubanks v. First Protection Life Insurance Co.*, 44 N.C. App. 224, 261 S.E. 2d 28, *rev. denied*, 299 N.C. 735, 267 S.E. 2d 661 (1980). It is not necessary that the representation be intentional. *Huffman v. State Capitol Life Insurance Co.*, 8 N.C. App. 186, 174 S.E. 2d 17 (1970). The only factual question remaining then, is whether the material and false representation on the application in this case was made by the insured.

As defendant points out, only two of the four issues tendered by plaintiff are relevant to her argument. The fourth issue relates only to the amount of damages. The first issue raises the question of whether Joe Maugham was the agent of defendant. We note that the rule that the holder of a master policy for group insur-

ance is considered the agent of the insurer appears to apply only where the master policyholder is an employer and the "group" is his employees. *See First National Bank of Anson County v. Nationwide Insurance Co.*, 303 N.C. 203, 278 S.E. 2d 507 (1981). Since there is no employment relationship here, that rule would not apply. Nevertheless, the court instructed the jury that Joe Maugham was "a licensed agent for defendant First Protection Insurance Company." In effect the court decided plaintiff's first tendered jury issue and decided it in plaintiff's favor. The questions presented by plaintiff's second and third issues, in our view, ask no more than the single issue submitted by the court, though they are more specific. As we have noted, however, the form and wording of issues to be submitted to the jury are within the discretion of the court. *Uniform Service v. Bynum International, Inc., supra.* The issues submitted by the court adequately presents to the jury the controversies raised. Plaintiff has shown no abuse of discretion by the trial court. Her argument is not persuasive.

Plaintiff next contends that the trial court erred in failing to include in its charge to the jury certain special instructions requested by plaintiff pursuant to G.S. 1A-1, Rule 51(b). While plaintiff failed to object to the court's instructions at the end of the charge, as required by App. R. 10(b)(2), her request was at least partially denied and her objection to the instructions given was self-evident. Accordingly, App. R. 10(b)(2) does not require that the objection be repeated at the end of the charge. *Wall v. Stout*, 310 N.C. 184, 311 S.E. 2d 571 (1984).

Plaintiff requested five special instructions. As defendant points out, plaintiff's argument regarding the first three of these, which concern the nature and extent of the agency relationship between Maugham and defendant, is moot either because the court gave the requested instruction or because the court resolved the issue in plaintiff's favor before submission of the case to the jury. In any event, plaintiff's exceptions pertaining to these instructions have been abandoned by plaintiff's failure to argue them in her appeal. App. R. 28(b)(5).

[2] The remaining instructions deal with the effect of an agent's failure to disclose to the insurer material facts that have been made known to him by the applicant or the agent's failure to

make inquiry when his knowledge of certain facts should have prompted further inquiry. Plaintiff contends that the pleadings and evidence support a finding that Maugham, through inattention or negligence, either did not hear Ms. Pittman when she mentioned her husband's heart attack or, if he did hear, negligently failed to enter that information on the form. Plaintiff argues that she was entitled to have the jury instructed accordingly.

While we agree with plaintiff's statement of the law, *Link v. Link, supra,* we do not agree that the trial court failed to instruct the jury properly. From the record it is clear that the jury was instructed on the effect of Maugham's alleged negligence in filling out the form and that plaintiff might be entitled to recover despite the false information on the application if "the applicant, Janis Pittman, acted in good faith and did not have a reason to know that the agent was making such misrepresentations or false statements on the application." Though not in plaintiff's words, the instructions of the trial court adequately addressed the question presented by plaintiff's tendered instructions. Accordingly, they were sufficient and plaintiff's contention is without merit.

[3] Finally, plaintiff contends that the trial court erred in instructing the jury (1) that the signing of the application by Janis Pittman was, under the circumstances of the case, a misrepresentation as a matter of law and (2) that plaintiff must show that defendant's agent, Maugham, was aware that Janis Pittman had heart trouble. We disagree. The essence of plaintiff's argument is that, since there is evidence that her deceased husband did not know that the application was inaccurate when he signed it, he did not make a misrepresentation that forfeits the benefits of the policy. As discussed above, an insured who signs an application for insurance adopts it as his statement. *Jones v. Home Security Life, supra.* The fact that he may have done so unknowingly does not, in the absence of bad faith on the part of defendant or its agent, alter the effect of the misrepresentation. *Willetts v. Integon Insurance Co., supra.* The undisputed evidence here shows clearly that Janis Pittman signed an application for insurance that contained inaccurate information regarding his health. Whether this misrepresentation was his fault or the fault of defendant's agent was a question properly submitted to the jury. The jury decided the question in favor of defendant. Plaintiff's contentions are without merit.

Defendant on appeal brings forward several cross-assignments of error. Because we have decided the issues raised by plaintiff's appeal in favor of defendant, we do not consider the cross-assignments. In the trial below, we find

No error.

Judge WHICHARD concurs.

Chief Judge HEDRICK concurs in the result.

Chief Judge HEDRICK concurring in result.

I concur in the result reached by the majority, but I disagree with some of the things said in the majority opinion. I agree that the issue submitted was sufficient to allow the jury to resolve the material facts raised by the evidence. While I believe the instructions given did not sufficiently declare and explain the law arising from the evidence, the plaintiff has failed to show prejudicial error sufficient to entitle her to a new trial.