NANCY BELL AND HUSBAND, ADRIEN BELL, PLAINTIFFS v. NATIONWIDE INSURANCE
COMPANY, DEFENDANT

No. COA00-1464

(Filed 6 November 2001)

**Insurance— homeowners—fire—material misrepresentation on application**

The trial court did not err in plaintiffs' action to recover for the loss of their dwelling and contents destroyed by fire by granting summary judgment in favor of defendant insurance company on the issue of material misrepresentation under N.C.G.S. § 58-44-15 based on plaintiffs' application for homeowners insurance, because: (1) an application for insurance containing material misrepresentations is filled in by the agent before being signed by the applicant and presumes that the insured adopts all statements made in the application he signs; (2) plaintiffs misrepresented on their application for insurance the facts that they filed bankruptcy within the last seven years, had a policy canceled or not renewed, and had past losses by signing the application below a statement declaring the facts in the application were true after the agent typed "no" on the application in response to these questions; and (3) there was no showing of fraud on the part of the insurance agent or defendant, and plaintiffs cannot raise the issue of bad faith for the first time on appeal.

Appeal by plaintiffs from judgment entered 15 September 2000 by Judge Gary E. Trawick in Duplin County Superior Court. Heard in the Court of Appeals 11 October 2001.

*Thompson & Mikitka, P.C., by E. C. Thompson, III and Susan Collins Mikitka, for plaintiffs-appellants.*

*Cox & Associates, by J. Thomas Cox, Jr., for defendant-appellee.*

TYSON, Judge.

Nancy Bell and husband, Adrien Bell ("plaintiffs") appeal the entry of summary judgment in favor of Nationwide Insurance Company ("defendant"). We affirm the trial court's judgment.

BELL v. NATIONWIDE INS. CO.

[146 N.C. App. 725 (2001)]

## I. Facts

On 14 July 1995, plaintiffs applied for a homeowners insurance policy from defendant. Defendant issued a policy of insurance, containing the standard provisions for fire insurance coverage as set forth under N.C. Gen. Stat. § 58-44-15. The policy was renewed on 13 June 1996.

On 15 and 16 September 1996, plaintiffs' dwelling and contents were destroyed by fire. Plaintiffs filed a claim for the loss which defendant denied on the grounds that plaintiffs had made material misrepresentations in their application for insurance. Plaintiffs filed their complaint on 3 June 1997 to compel payment of their insurance claim. Defendant moved for summary judgment on the issue of material misrepresentation. On 20 September 2000, the trial court entered summary judgment in favor of the defendant. Plaintiffs appeal.

## II. Issues

The sole issue presented on this appeal is whether, based on the factual showing made at the summary judgment hearing, defendant is entitled to judgment as a matter of law on the material misrepresentation defense. Plaintiffs argue that a genuine issue of material fact exists as to whether plaintiffs' application contained material misrepresentations. We disagree.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999).

N.C. Gen. Stat. § 58-44-15 (1999) sets out the "Standard Fire Insurance Policy for North Carolina" which provides:

> This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

"It is a basic principle of insurance law that the insurer may avoid his obligation under the insurance contract by a showing that the insured made representations in his application that were material and false." *Pittman v. First Protection Life Insurance Co.*, 72 N.C. App. 428, 433, 325 S.E.2d 287, 291 (1985). Misrepresentations on an insurance

BELL v. NATIONWIDE INS. CO.

[146 N.C. App. 725 (2001)]

application are material if "the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract and accepting the risk." *Bryant v. Nationwide Mut. Fire Ins. Co.*, 67 N.C. App. 616, 621, 313 S.E.2d 803, 807 (1984), *rev'd on other grounds*, 313 N.C. 362, 329 S.E.2d 333 (1985). In order to void the policy pursuant to G.S. § 58-44-15, defendant must show that the insured made statements that were: (1) false; (2) knowingly and willfully made; and (3) material. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 370, 329 S.E.2d 333, 338 (1985).

The record shows that plaintiffs misrepresented on their application for insurance the facts that they filed bankruptcy within the last seven years, had a policy canceled or not renewed, and had past losses. Plaintiffs do not argue that these misrepresentations were not material. Plaintiffs contend that these misrepresentations were not knowing and willful. Plaintiffs assert that the defendant's agent, Kim Daniels, never asked whether or not they had filed bankruptcy, had a previous policy of insurance canceled or not renewed, or had previous losses, but simply typed in "no" in response to these questions. Our Supreme Court addressed the same argument, in *Goodwin v. Investors Life Ins Co. of North America*, 332 N.C. 326, 419 S.E.2d 766 (1992), where plaintiff claimed that she should not be bound by the misrepresentation concerning her husband's driving record because she was unaware of the driving record question on the application and the agent's inaccurate response to it. The Court stated that "plaintiff and her husband signed the application thereby representing that they had read it and that the information contained therein was true." *Id.* at 330-31, 419 S.E.2d at 768. " 'It made no difference whether the plaintiff knew what was in the agreement or not. He signed it, and the law presumes he did know what was in it, and he will not be heard, in the absence of any proof of fraud or mistake, to say that he did not.' " *Id.*, 419 S.E.2d at 769 (citing *Jones v. Home Security Life Ins. Co.*, 254 N.C. 407, 413, 119 S.E.2d 215, 219 (1961) (quoting *Weddington v. Insurance Co.*, 141 N.C. 234, 243, 54 S.E. 271, 274 (1906)).

In *Cuthbertson v. North Carolina Home Ins. Co.*, 96 N.C. 480, 2 S.E. 258 (1887), plaintiff signed the insurance application next to the following statement: "I affirm and warrant that the foregoing answers are true, and that they shall constitute the basis of the policy that may be issued to me on this application." Plaintiff proposed to prove that the questions in which misrepresentations were given were in fact not asked, and that he signed the application without knowledge that the

application contained those questions. Our Supreme Court held that "[t]here was no error in excluding the proposed evidence. In the absence of fraud or mistake, a party will not be heard to say that he was ignorant of the contents of a contract signed by him." *Id.* at 347, 2 S.E. at 261.

At bar, there is no dispute that plaintiff, Adrian Bell, signed the application below a statement which read: "I hereby declare that the facts stated in the above application are true and request the company to issue the insurance and any renewals thereof in reliance thereon." Our Supreme Court has held "if an application for insurance containing material misrepresentations is filled in by the agent before being signed by the applicant, these are material misrepresentations of the applicant which bar recovery." *McCrimmon v. North Carolina Mut. Life Ins. Co.*, 69 N.C. App. 683, 685, 317 S.E.2d 709, 710 (1984) (citing *Inman v. Woodmen of the World*, 211 N.C. 179, 189 S.E. 496, (1937))..

Plaintiffs argue that bad faith on the part of the agent or defendant overcomes the presumption that the insured adopts all statements made in the application he signed. *Pittman*, 72 N.C. App. at 435, 325 S.E.2d at 291. Plaintiffs contend that the actions of the agent, filling in answers without asking plaintiffs the questions, constituted bad faith. The trial court granted summary judgment after hearing the evidence and arguments of counsel, and based upon the pleadings, depositions, admissions, and discovery responses. The record does not contain anything in the pleadings, transcripts, or otherwise, to indicate that the issue of bad faith was presented to the trial court. Since plaintiffs failed to raise this issue before the lower court, we refuse to address the issue for the first time on appeal. N.C. R. App. P. 10(b) (1999).

We are bound in this case by the holdings of this Court and our Supreme Court. We conclude that the misrepresentations were false, there was no showing of fraud on the part of the agent or defendant; therefore, plaintiffs will be held to the statements in the application for insurance. We affirm the trial court's granting of summary judgment in favor of the defendant.

Affirmed.

Judges MARTIN and WALKER concur.