ROBERT MICHAEL STUART LUTHER AND JAMES LEONARD REESE, II, PLAINTIFFS v. HERMAN C. SEAWELL AND NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, DEFENDANTS

No. COA07-830

(Filed 17 June 2008)

**1. Appeal and Error— notice of appeal—from only one of two orders**

Plaintiffs' appeal from a summary judgment for defendant Farm Bureau was dismissed where there was also a summary judgment for defendant Seawell, Farm Bureau's employee, on a different date; there was only one notice of appeal, from the summary judgment for Seawell; plaintiff's argument that the notice of appeal was meant to apply to both orders was rejected; and the Court of Appeals declined to treat the matter as a petition for certiorari. The appeal would have been found to be without merit even if had been heard.

**2. Appeal and Error— substantial rules violations—sanction but not dismissal**

Plaintiffs' attorneys were ordered to pay double printing costs for numerous rules violations where the noncompliance with the appellate rules was substantial but not so gross as to warrant dismissal.

**3. Insurance— homeowners—misrepresentations—application completed by insurance company employee—signed by plaintiffs**

The trial court correctly granted summary judgment for defendant Seawell, an employee of an insurance company, in an action arising from misrepresentations on an insurance application. Although plaintiffs contended that they had given truthful answers to Seawell when he filled out the application, plaintiffs signed the application, and the policy would not have been issued had the correct information been provided.

**4. Insurance— claim investigated—not a deceptive trade practice**

Defendants did not engage in deceptive trade practices in an insurance claim by failing to investigate certain information where they diligently pursued questions as to liability for the fire and had their own independent investigator conduct inquiries.

**5. Insurance— misrepresentations on application—adopted by signature**

Plaintiff adopted representations on an insurance application form filled in by an insurance company employee by signing the application.

Appeal by plaintiffs from judgment entered 23 January 2007 by Judge W. David Lee in Richmond County Superior Court. Heard in the Court of Appeals 16 January 2008.

*Law Office of Charles W. Collini, by Charles W. Collini, for plaintiff-appellant Robert Michael Stuart Luther; Law Office of Henry T. Drake, by Henry T. Drake, for plaintiff-appellant James Leonard Reese, II.*

*Young Moore and Henderson, P.A., by Walter E. Brock, Jr. and Matthew J. Gray, for defendant-appellee North Carolina Farm Bureau Mutual Insurance Company.*

*Anderson, Johnson, Lawrence, Butler & Bock, L.L.P., by Lee B. Johnson, for defendant-appellee Herman C. Seawell.*

HUNTER, Judge.

Robert Michael Stuart Luther and James Leonard Reese, II ("plaintiffs") appeal from orders granting summary judgment to Herman C. Seawell and North Carolina Farm Bureau Mutual Insurance Company (collectively "defendants"). After careful review, we dismiss in part and affirm in part.

I.

On 23 April 2001, plaintiffs submitted an application for homeowner's insurance to defendant Farm Bureau; this application was physically filled out by defendant Seawell, with whom plaintiffs had previously met to provide the information necessary for the application. In the application, plaintiffs denied that they conducted business from their home, denied that their insurance was previously cancelled and other insurers had refused to issue them insurance, denied that they had a prior homeowner's claim in the last five years, and denied that they had any credit problems. The application was signed by plaintiff Luther.

In their depositions during discovery for this suit, both plaintiffs essentially admit that these answers were false. However, both men

assert that they orally gave defendant Seawell entirely truthful answers (that they had indeed had prior claims, for example), but Seawell told them those answers did not need to be included on the form for various reasons, including that the true answers would " 'mess up your insurance' " or prior claim amounts were too small to matter. Farm Bureau issued a policy based on the information in the application.

On 23 February 2002, a fire damaged the property at issue. Farm Bureau then began an investigation into the cause of the fire, including the appointment of a special investigator who inquired into the cause of the fire and conducted at least thirty-five interviews in that inquiry. Defendant Farm Bureau also paid $4,000.00 in advance payments to plaintiffs for clothing and other necessities.

Defendants apparently then refused to make any further payments, and plaintiffs brought suit against defendants for failure to procure insurance, deceptive trade practices, and fraud. In their answer, defendants put forth a series of affirmative defenses, including that plaintiffs made material misrepresentations in their application, making it voidable. Defendants then made motions for summary judgment, as did plaintiffs. The court granted defendants' motions and denied plaintiffs'. Plaintiffs appeal.

II.

Before addressing the merits of this appeal, we address defendant-appellees' motions to dismiss this appeal on the basis of a series of violations by plaintiffs of the rules of appellate procedure. Because different issues arise as to each defendant, we consider them separately.

A.

[1] First, we address the motion's assertion that dismissal is warranted in part because the record does not contain a notice of appeal from both orders granting summary judgment. There are two orders at issue here—one granting defendant Farm Bureau's motion for summary judgment, signed on 26 January 2007, and one granting defendant Seawell's motion for summary judgment, signed and entered on 23 January 2007. The record reflects only one notice of appeal, however, and it states that the appeal is from the summary judgment order "entered January 23, 2007." Only the latter order, the one dated 23 January 2007, has a file stamp on it; that stamp shows,

LUTHER v. SEAWELL

[191 N.C. App. 139 (2008)]

as stated, that the order was filed on 23 January 2007. Thus, the record does not contain a valid notice of appeal as to the order concerning defendant Farm Bureau entered 26 January 2007. Plaintiffs argue that the notice of appeal was clearly intended to apply to both orders and urges this Court to hear the appeal as to defendant Farm Bureau. We decline to do so.

This Court does have the authority pursuant to North Carolina Rule of Appellate Procedure 21(a)(1) to "treat the purported appeal as a petition for writ of certiorari" and grant it in our discretion. *State v. SanMiguel*, 74 N.C. App. 276, 277-78, 328 S.E.2d 326, 328 (1985); *see also Guthrie v. Conroy*, 152 N.C. App. 15, 19, 567 S.E.2d 403, 407 (2002) (where notice of appeal was filed 97 days late, Court "exercise[d] its discretion and grant[ed] *certiorari* to review plaintiff's claims on their merits, pursuant to N.C.R. App. P. 21"); *Seyboth v. Seyboth*, 147 N.C. App. 63, 65, 554 S.E.2d 378, 380 (2001) (where record reflected no notice of appeal, Court "consider[ed] defendant's assignment of error to the . . . order as a petition for *writ of certiorari*" and reviewed merits of appeal); *Anderson v. Hollifield*, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997) (affirming this Court's discretion to do same); *Fearrington v. University of North Carolina*, 126 N.C. App. 774, 778, 487 S.E.2d 169, 172 (1997) (where notice of appeal was fatally defective, Court ruled "N.C.R. App. P. 21(a)(1) gives this Court the authority to treat the purported appeal as a petition for writ of *certiorari* to review the . . . order, and we elect to do so and consider the merits of petitioner's assignment of error"); *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197 fn.3, 657 S.E.2d 361, 365 fn.3 (2008) ("a discussion of the judiciary's inherent power to issue extraordinary and remedial writs, and this Court's general supervisory authority, is beyond the scope of this opinion"). However, we decline to do so in this case.

Instead of arguing to this Court that this notice was intended to refer to both judgments, plaintiffs would have been better served to petition this Court for a writ of *certiorari* to hear the appeal. We are also influenced by the other rule violations noted below. We have, however, reviewed the appeal as to defendant Farm Bureau and, had we not dismissed defendant Farm Bureau's appeal, we would have found it to be without merit.[1]

---

1. We note that defendant Farm Bureau will still be referenced in this opinion as defendant Seawell is an employee of defendant Farm Bureau and was representing the company when he performed the actions at issue.

B.

**[2]** As to defendant Seawell, proper notice of appeal exists in the record as noted above. Thus, we address only the other rules violations committed by plaintiffs in their appeal as to this defendant. These violations include the following: Failure to include agreed-upon documents and inclusion of documents not agreed upon in the record on appeal, in violation of Rule 12; inclusion of documents in the record bearing highlighting and handwritten argumentative commentary in violation of Rules 9, 11, and 12; failure to state grounds for appellate review in their brief, in violation of Rule 28(b)(4); failure to refer to the assignments of error in their brief, in violation of Rule 28(b)(6); and inclusion of a statement of facts that is highly argumentative and not supported by references to the record or transcript, in violation of Rule 28(b)(5). Due to these violations, sanctions are warranted against plaintiffs' attorneys; however, we decline to grant defendants' motion to dismiss as to defendant Seawell, as we do not believe such harsh sanctions are warranted in this case. Recently, our Supreme Court noted that "when a party fails to comply with one or more nonjurisdictional appellate rules, the court should first determine whether the noncompliance is substantial or gross under Rules 25 and 34. If it so concludes, it should then determine which, if any, sanction under Rule 34(b) should be imposed." *Dogwood Dev. & Mgmt. Co., LLC*, 362 N.C. at 201, 657 S.E.2d at 367. Given the number of rules violations in this case, we hold that plaintiffs' noncompliance was substantial in this case but not so gross as to warrant dismissal as to defendant Seawell. As such, we deny the motion to dismiss as to defendant Seawell and order plaintiffs' attorneys to pay double the printing costs of this appeal pursuant to Rule 34(b) of the North Carolina Rules of Appellate Procedure. We instruct the Clerk of this Court to enter an order accordingly.

III.

**[3]** We review a trial court's grant of summary judgment *de novo*. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [a] party is entitled to a judgment as a matter of law.' " *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (alteration in original) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c)). "Evidence presented by the parties is viewed in the light most favorable to the non-movant." *Id.*

From the record, it appears that the order granting that motion was on the following bases: As to the claims of failure to procure insurance and fraud, defendant's affirmative defense that plaintiffs made material misrepresentations in their application; as to the claim of deceptive trade practices, that defendant investigated the claim diligently and with all due speed. We consider each in turn.

A.

Per statute, material misrepresentations in an application for an insurance policy may prevent recovery on the policy. *See* N.C. Gen. Stat. § 58-3-10 (2007) ("[a]ll statements or descriptions in any application for a policy of insurance . . . shall be deemed representations . . . , and a representation, *unless material or fraudulent,* will not prevent a recovery on the policy") (emphasis added). "[A] representation in an application for an insurance policy is deemed material 'if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract[.]' " *Goodwin v. Investors Life Insurance Co. of North America,* 332 N.C. 326, 331, 419 S.E.2d 766, 769 (1992) (citation omitted).

It appears to be undisputed that plaintiffs signed the application knowing that it contained misrepresentations about several pieces of information regarding their past credit and insurance histories. Per defendant Seawell's deposition and defendant Farm Bureau's responses to interrogatories, defendant Farm Bureau would not have issued the policy had the correct information been provided. As such, it appears that plaintiffs made material misrepresentations to obtain the policy and, therefore, the trial court was correct in granting summary judgment on that claim. As such, this argument is without merit.

B.

[4] Plaintiffs argue that defendant Farm Bureau and defendant Seawell as its representative engaged in deceptive trade practices by failing to investigate certain information, in violation of N.C. Gen. Stat. § 58-63-15(11) (2007), and their refusal to pay the mortgage as specified in the policy, in violation of N.C. Gen. Stat. § 58-63-15(11)(f), which gives as one basis for finding unfair claim practices "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear[.]"

As defendants note, however, there were questions as to liability for quite some time after the fire, and during that time defendants

LUTHER v. SEAWELL

[191 N.C. App. 139 (2008)]

pursued answers to those questions diligently. Concurrent with official investigations of the fire, defendants had their own, independent investigator conduct inquiries on the same matter. Plaintiffs supply no further basis in law or fact for this claim in its brief other than the bald statement that this is the case. As such, this argument is without merit.

## C.

[5] Finally, plaintiffs argue that any representations made to defendant Farm Bureau were made by defendant Seawell, because he was the one who physically filled out the application form. That is, he asked defendants questions to obtain the information necessary to fill in the form, then marked the answers himself. However, plaintiff Luther signed the application before it was submitted to defendant Farm Bureau. As such, plaintiff adopted those representations as his own, and recovery is denied. *See Pittman v. First Protection Life Ins. Co.*, 72 N.C. App. 428, 435, 325 S.E.2d 287, 292 (1985) ("an insured who signs an application for insurance adopts it as his statement"); *see also Bell v. Nationwide Ins. Co.*, 146 N.C. App. 725, 728, 554 S.E.2d 399, 401 (2001) (" 'if an application for insurance containing material misrepresentations is filled in by the agent before being signed by the applicant, these are material misrepresentations of the applicant which bar recovery' ") (citation omitted).

## IV.

Because plaintiffs made material misrepresentations on their insurance application and cannot prove deceptive practices on the part of defendant Seawell, we affirm the trial court's grant of plaintiffs' summary judgment motion as to defendant Seawell. Because no valid notice of appeal appears in the record as to the order concerning defendant Farm Bureau, we dismiss that portion of the appeal. Finally, due to their violations of the North Carolina Rules of Appellate Procedure, we order plaintiffs' attorneys to pay double the costs of printing this appeal.

Dismissed in part and affirmed in part.

Judges BRYANT and JACKSON concur.