MICHAEL THOMAS JAMES, Plaintiff
v.
INTEGON NATIONAL INSURANCE COMPANY,
a member of GMAC Insurance Group, Defendant

No. COA12-1417

Filed 2 July 2013

**Insurance—underinsured motorists coverage—affirmative defense—material misrepresentation**

The trial court erred by granting plaintiff summary judgment in a declaratory judgment action involving plaintiff's right to collect underinsured motorists coverage under an automobile insurance policy issued by defendant. The trial court erred by treating defendant's affirmative defense as a defense of fraud rather than a defense of material misrepresentation and applied an incorrect standard of proof by requiring defendant to prove the element of scienter, which is not an element required to prove material misrepresentation. Furthermore, viewed in the light most favorable to defendant, the record demonstrated that there was a genuine issue of material fact as to whether the insured made a material misrepresentation on her insurance application.

Appeal by defendant from order entered 12 October 2012 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 27 March 2013.

*Whitley Law Firm, by Ann C. Ochsner, for plaintiff-appellee.*

*Law Offices of Robert E. Ruegger, by Robert E. Ruegger, for defendant-appellant.*

CALABRIA, Judge.

Integon National Insurance Company ("defendant") appeals from an order granting summary judgment in favor of Michael Thomas James ("plaintiff"). We reverse and remand.

I. Background

Natalie Williams ("Williams") applied for a North Carolina Personal Auto Insurance policy ("the policy") through Huff's Insurance & Realty, Inc. in September 2010. On the application, Williams listed two vehicles

to be covered under the policy and listed herself as the sole driver of both vehicles. On 18 April 2011, Williams added her mother as an additional driver on the policy. The policy provided Underinsured Motorist ("UIM") coverage in the amount of $50,000.00 per person and $100,000.00 per occurrence. On 12 October 2011, the policy was renewed for another year.

On 6 November 2011, plaintiff, Williams's fiancé, was involved in a motor vehicle accident. At the time, plaintiff was driving one of Williams's vehicles. As a result of the accident, plaintiff sustained serious bodily injuries, for which he incurred medical expenses in excess of $50,000.00. Following exhaustion of the minimum liability coverage on the other vehicle involved in the collision, plaintiff submitted a UIM claim to defendant. Defendant denied plaintiff's claim.

On 16 May 2012, plaintiff filed a complaint and subsequently an amended complaint for declaratory relief. Plaintiff sought, *inter alia,* "a declaration of the rights and obligations of the parties as to Integon National Insurance Company Policy Number 6616109, and in particular that the policy provides UIM coverage ... and that such UIM coverage is available for the [p]laintiff." Defendant filed an answer, claiming that prior to the time plaintiff was involved in the accident, Williams had made a material misrepresentation in her application for the insurance policy that barred plaintiff's recovery.

On 19 September 2012, plaintiff moved for summary judgment. On 12 October 2012, after a hearing, the trial court granted plaintiff's motion for summary judgment, finding that "there is no genuine issue of material fact that the [p]laintiff is an insured for the purpose of UIM coverage under the policy;" and that defendant "failed to come forward with admissible evidence establishing scienter by [] Williams necessary to establish the affirmative defense of fraud." Defendant appeals.

## II.  Standard of Proof

Defendant argues that the trial court erred by granting plaintiff summary judgment by applying the wrong standard of proof. We agree.

In the instant case, plaintiff's complaint sought a declaratory judgment that he was entitled to UIM coverage under Williams's policy. In its answer, defendant asserted the affirmative defense of material misrepresentation, alleging that Williams procured the policy by making a material misrepresentation in her insurance application and that, as a result, plaintiff was not covered by her policy. In its order granting summary judgment in favor of plaintiff, the trial court treated defendant's

JAMES v. INTEGON NAT'L INS. CO.

[228 N.C. App. 171 (2013)]

affirmative defense as one of fraud, and found that defendant did not forecast sufficient evidence to establish scienter. Defendant contends that the trial court's determination was erroneous because evidence of scienter is not required to establish a material misrepresentation.

To prove fraud, a party must show that the defendant made a false "representation relating to some material past or existing fact." *Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 568, 374 S.E.2d 385, 391 (1988)(citation omitted). However, in addition to proof of a material misrepresentation, establishing fraud also requires proof of the element of scienter. *Id.* "The term 'scienter' embraces both knowledge and an intent to deceive, manipulate or defraud." *Id.* Therefore, while both fraud and material misrepresentation involve a false representation by the insured, it is unnecessary to prove that the insured had an intent to deceive in order to prove material misrepresentation. Thus, defendant is correct that fraud and material misrepresentation represent different affirmative defenses.

However, plaintiff, relying on *Odum v. Nationwide Mut. Ins. Co.*, 101 N.C. App. 627, 401 S.E.2d 87 (1991), contends that "fraud is the correct affirmative defense to coverage in excess of the minimum required by" N.C. Gen. Stat § 20-279 *et seq.*, the Financial Responsibility Act of 1953 ("FRA"). Based upon this contention, plaintiff argues that the trial court properly treated defendant's affirmative defense as a defense of fraud.

The issue in *Odum* was whether the insurer of an automobile liability policy could avoid liability after an injury had occurred on the ground that the policy was procured by the insured's deliberate and material misrepresentations on the application, *i.e.*, fraud. *Id.* at 631, 401 S.E.2d at 89. This Court held that fraud "is not a defense to the insurer's liability once injury has occurred." *Id.* at 634, 401 S.E.2d at 91. Fraud could not be a total affirmative defense under the FRA because pursuant to N.C. Gen. Stat. § 20-279.21(f)(1)(2011), insurance required by the FRA "shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs," and "no statement made by the insured ... and no violation of said policy shall defeat or void said policy."

However, the *Odum* Court further determined that its holding only applied to the minimum insurance coverage amounts required by the FRA. 101 N.C. App. at 634, 401 S.E.2d at 91. The Court based this determination on N.C. Gen. Stat. § 20-279.21(g), which states:

> Any policy which grants the coverage required for a motor
> vehicle liability policy may also grant any lawful coverage
> in excess of or in addition to the coverage specified for

> a motor vehicle liability policy and *such excess or addi-
> tional coverage shall not be subject to the provisions of
> this Article. With respect to a policy which grants such
> excess or additional coverage the term 'motor vehicle lia-
> bility policy' shall apply only to that part of the coverage
> which is required by this section.*

N.C. Gen. Stat. § 20-279.21(g) (2011)(emphasis added). Because the coverage amounts in the policy at issue in *Odum* were greater than the statutory minimum, the Court held "that as to any coverage in *excess* of the statutory minimum, the insurer [was] not precluded by statute or public policy from asserting the defense of fraud." *Odum*, 101 N.C. App. at 635, 401 S.E.2d at 92; *see also Hartford Underwriters Ins. Co. v. Becks*, 123 N.C. App. 489, 494, 473 S.E.2d 427, 430 (1996) (where this Court held the insurer was not precluded from seeking to avoid a claim for UIM coverage where the insureds fraudulently misrepresented or concealed material facts concerning their state of residence on which the insurance company reasonably relied in providing coverage).

In the instant case, plaintiff is only seeking to recover from the portion of Williams's policy which provided UIM coverage in the amount of $50,000.00 per person and $100,000.00 per occurrence. "[O]ur Courts have consistently interpreted [§ 20-279.21(b)(4)] to write UIM coverage into policies ... 'only if the policyholder has liability insurance in excess of the minimum statutory requirement....' " *Hartford*, 123 N.C. App. at 493-94, 473 S.E.2d at 430 (citation omitted). Therefore, any UIM coverage constitutes "coverage in excess of the statutory minimum." *Id.* at 494, 473 S.E.2d at 430.

The Courts in *Odum* and *Hartford* recognized that fraud was an acceptable affirmative defense to liability coverage in excess of the statutory minimum, but, contrary to plaintiff's assertions, neither case expressly limited an insurer's available affirmative defenses to fraud. *Odum*, 101 N.C. App. at 635, 401 S.E.2d at 92; *Hartford*, 123 N.C. App. at 494, 473 S.E.2d at 430. Since, pursuant to N.C. Gen. Stat. § 20-279.21(g), automobile liability coverage in excess of the statutorily required minimum is not subject to the FRA, we hold that the defense of material misrepresentation is also an acceptable affirmative defense to such coverage. *See* N.C. Gen. Stat. § 58-3-10 (2011) (emphasis added) ("All statements or descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed representations and not warranties, and a representation, *unless material* or fraudulent, will not prevent a recovery on the policy."); *Bell v. Nationwide Ins. Co.*, 146 N.C. App. 725, 726, 554 S.E.2d 399, 401 (2001)(An insurer may avoid liability

on an insurance policy if it shows that the insured made material misrepresentations, "representations in his application that were material and false.").

Consequently, we find that the trial court erred by treating defendant's affirmative defense as a defense of fraud rather than a defense of material misrepresentation. The trial court applied an incorrect standard of proof by requiring defendant to prove the element of scienter, which is not an element required to prove material misrepresentation.

### III. Summary Judgment

As we have determined that the trial court applied the wrong standard of proof, we must now decide whether it erred by granting plaintiff summary judgment.

"Our standard of review of an appeal from summary judgment is *de novo*; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation omitted). Summary judgment shall be allowed "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A–1, Rule 56(c) (2012). All facts asserted by the nonmoving party must be viewed in the light most favorable to that party. *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000)(citations omitted).

Our Supreme Court has held that "a representation in an application for an insurance policy is deemed material 'if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or *in fixing the rate of the premium.*' " *Goodwin v. Investors Life Ins. Co. of North America*, 332 N.C. 326, 331, 419 S.E.2d 766, 769 (1992 (citation omitted).

In the instant case, defendant offered a copy of both Williams's insurance application and her insurance policy, as well as affidavits from defendant's employees in opposition to plaintiff's motion for summary judgment. On the insurance application, Williams certified, with her signature, that "all persons age 15 years or older who live with me as well as all operators who regularly operate my vehicle and who are not residing in my household, are listed in this application." Defendant presented an affidavit by Sharon Dowell ("Dowell affidavit"), the Executive Customer

Relations Specialist for defendant, stating that "[i]t was determined after the November 5, 2011, accident involving Michael Thomas James that he was an adult driver living with Natalie Williams at all times relevant to the policy." Furthermore, defendant presented evidence that on 18 April 2011, Williams added her mother as an additional driver on the policy, which suggests that Williams understood the policy provisions regarding the necessity of adding to the policy all adults who either lived with her or operated her vehicles. Therefore, since Williams apparently understood the policy guidelines but did not add plaintiff to the policy, defendant provided some evidence that Williams made a material misrepresentation on her insurance application.

The Dowell affidavit also indicated that had plaintiff "been listed as a driver on the policy for all premium periods, the amount of the premium would have increased by a total of $5,995.00." This affidavit constitutes evidence that knowledge of plaintiff's status as a driver "would naturally influence the judgment of the insurer ... in *fixing the rate of the premium*." *Id.* Thus, defendant offered evidence that Williams's misrepresentation was material. Viewed in the light most favorable to defendant, the record demonstrates, and we find, that there is a genuine issue of material fact as to whether Williams made a material misrepresentation on her insurance application. Because we find that there is a genuine issue of material fact, the trial court erred by granting summary judgment in favor of plaintiff.

## IV.  Conclusion

We reverse the trial court's grant of summary judgment in favor of plaintiff and remand this case to the trial court for a jury trial to determine whether Williams made a material misrepresentation on her application for insurance.

Reversed and remanded.

Judges ERVIN and DILLON concur.