IN THE MATTER OF: J.R.V.

No. COA10-1116

(Filed 17 May 2011)

**Juveniles— privilege against self-incrimination—court's failure to advise**

There was no prejudicial error in a juvenile delinquency adjudication where the trial court failed to comply with N.C.G.S. § 7B-2405 by allowing the juvenile to testify without determining if the juvenile understood his privilege against self-incrimination. The error was harmless because the juvenile's testimony was consistent with the State's prior evidence or otherwise favorable to the juvenile.

**IN RE J.R.V.** ·

[212 N.C. App. 205 (2011)]

Appeal by juvenile from order entered 31 March 2010 by Judge James A. Grogan in Rockingham County District Court and order entered 29 June 2010 by Judge William F. Southern in Stokes County District Court. Heard in the Court of Appeals 9 February 2011.

*Attorney General Roy Cooper, by Assistant Attorney General LaToya B. Powell, for the State.*

*Richard Croutharmel, for juvenile-appellant.*

CALABRIA, Judge.

J.R.V. ("the juvenile") appeals (1) an order adjudicating him delinquent for misdemeanor larceny and (2) the resultant disposition order. We find no prejudicial error in the proceedings below, and thus, we affirm the orders of the trial court.

## I. Background

On 1 January 2010, Garland Sparks ("Sparks") went to property he owned in Ayersville, North Carolina. When he arrived at the property, Sparks discovered that a locked gate had been uprooted and moved. Several items of farm equipment had been stolen from the property.

Corporal Jason Doom ("Corporal Doom") of the Rockingham County Sheriff's Department investigated the theft of the farm equipment. Corporal Doom interviewed the juvenile, who was Sparks' nephew by marriage and who lived next door to Sparks' property. After initially denying involvement with the theft, the juvenile admitted that he had witnessed two men removing the equipment. The juvenile was familiar with the two men, who were friends with his father, and he had assisted them in removing air conditioning parts from Sparks' property a few days earlier.

On 27 January 2010, a juvenile petition was filed against the juvenile in Rockingham County District Court. The petition alleged that the juvenile was delinquent in that he committed, *inter alia*, the offense of misdemeanor larceny. On 22 March 2010, the trial court conducted an adjudication hearing.

At the hearing, Sparks testified about the stolen farm equipment. In addition, Corporal Doom testified about the statements made to him by the juvenile. At the close of the State's evidence, the juvenile made a motion to dismiss, which was denied by the trial court.

The juvenile's counsel then called the juvenile to testify. The trial court allowed the juvenile's testimony to proceed without comment.

The juvenile testified that he had no involvement with the theft of Sparks' equipment and that he had not seen anyone else steal the equipment. The juvenile also testified that he had moved scrap metal off his mother's property with the two men he had identified to Corporal Doom and that he had "hung out" with the men and his father at his grandmother's house. After the juvenile completed his testimony, he renewed his motion to dismiss, which was again denied by the trial court.

The trial court adjudicated the juvenile as delinquent and transferred the case to Stokes County District Court for disposition. The juvenile was placed on probation under the supervision of a court counselor for a period not to exceed twelve months. The juvenile appeals.

## II. N.C. Gen. Stat. § 7B-2405

Defendant's sole argument on appeal is that the trial court violated N.C. Gen. Stat. § 7B-2405 when it permitted the juvenile to testify without advising him of his privilege against self-incrimination.[1] We agree, but find that this error did not prejudice the juvenile.

"Our courts have consistently recognized that the State has a greater duty to protect the rights of a respondent in a juvenile proceeding than in a criminal prosecution." *In re T.E.F.*, 359 N.C. 570, 575, 614 S.E.2d 296, 299 (2005) (internal quotations, citations, and ·brackets omitted). The General Assembly has also taken affirmative steps to ensure that a juvenile's rights are protected during a delinquency adjudication. N.C. Gen. Stat. § 7B-2405 states, in relevant part:

*In the adjudicatory hearing, the court shall protect the following rights of the juvenile* . . . to assure due process of law:

(1) The right to written notice of the facts alleged in the petition;

(2) The right to counsel;

(3) The right to confront and cross-examine witnesses;

(4) *The privilege against self-incrimination;*

(5) The right of discovery; and

(6) All rights afforded adult offenders except the right to bail, the right of self-representation, and the right of trial by jury.

---

1. The State's brief contends that this Court has already decided this issue in *In re R.M.*, 181 N.C. App. 759, 640 S.E.2d 870, 2007 N.C. App. LEXIS 386, 2007 WL 509415 (2007) (unpublished). However, under our appellate rules, "[a]n unpublished decision of the North Carolina Court of Appeals does not constitute controlling legal authority." N.C.R. App. P. 30(e)(3) (2010).

**IN RE J.R.V.**

[212 N.C. App. 205 (2011)]

N.C. Gen. Stat. § 7B-2405 (2009) (emphasis added). Thus, pursuant to this statute, the trial court *shall* protect the juvenile's delineated rights, including the right against self-incrimination. "The use of the word 'shall' by our Legislature has been held by this Court to be a mandate, and the failure to comply with this mandate constitutes reversible error." *In re Z.T.B.*, 170 N.C. App. 564, 569, 613 S.E.2d 298, 300 (2005).

In *T.E.F.*, our Supreme Court determined that it was reversible error for a trial court to accept a juvenile's admission without following all of the six steps required by N.C. Gen. Stat. § 7B-2407. 359 N.C. at 574-75, 614 S.E.2d at 299. The Court stated:

> By listing the rights that the trial court must protect during juvenile adjudicatory hearings to assure that due process is satisfied [in N.C.G.S. § 7B-2405], and by subsequently listing the six steps specified in N.C.G.S. § 7B-2407(a) that must be taken before accepting a juvenile's admission of guilt and waiver of these rights, it is clear that our legislature intended a procedure more protective and careful than that afforded adults to ensure a fully informed choice and voluntary decision by all juveniles.

*Id.* at 574, 614 S.E.2d at 299. The *T.E.F.* Court further stated that since the General Assembly explicitly set out the inquiries that were required to be made when a juvenile admits his guilt, the requirements had to be followed, because the "higher burden placed upon the State to protect juvenile rights would certainly be undermined by ignoring the mandatory language of N.C.G.S. § 7B-2407." *Id.* at 575, 614 S.E.2d at 299. As a result, the Court determined that a trial court's failure to follow all of the steps required by N.C. Gen. Stat. § 7B-2407 when accepting a juvenile's admission constituted reversible error. *Id.*

Similarly, N.C. Gen. Stat. § 7B-2405 "list[s] the rights that the trial court *must* protect during juvenile adjudicatory hearings to assure that due process is satisfied[.]" *Id.* at 574, 614 S.E.2d at 299 (emphasis added). The statute, by stating that the trial court "shall" protect a juvenile's delineated rights, places an affirmative duty on the trial court to protect, *inter alia*, a juvenile's right against self-incrimination. The trial court cannot satisfy this affirmative duty by doing absolutely nothing, as the "higher burden placed upon the State to protect juvenile rights would certainly be undermined by ignoring the mandatory language" of the statute. *Id.* at 575, 614 S.E.2d at 299. While N.C. Gen. Stat. § 7B-2405, unlike the *statute governing admissions* at issue in *T.E.F.*, does not provide the explicit steps a trial

**IN RE J.R.V.**

[212 N.C. App. 205 (2011)]

court must follow when advising a juvenile of his rights, the statute requires, at the very least, *some* colloquy between the trial court and the juvenile to ensure that the juvenile understands his right against self-incrimination before choosing to testify at his adjudication hearing.

In the instant case, there was absolutely no colloquy between the juvenile and the trial court. After the trial court denied the juvenile's motion to dismiss, the juvenile's counsel called the juvenile to testify. The trial court simply responded, "All right." By saying nothing to the juvenile to protect the juvenile's privilege against self-incrimination, the trial court failed to follow its statutory mandate from N.C. Gen. Stat. § 7B-2405(4) to protect the juvenile's constitutional privilege against self-incrimination. This failure was error.

Nevertheless, it is still necessary to determine whether the juvenile was prejudiced by the trial court's error. Since the trial court's failure to follow its statutory mandate implicates the juvenile's constitutional right against self-incrimination, the error is prejudicial unless it was harmless beyond a reasonable doubt. *See State v. Quick*, 337 N.C. 359, 363, 446 S.E.2d 535, 537-38 (1994)(holding that the trial court's violation of a statute which derived from Eighth Amendment protections was "a violation of both our statute and the Eighth Amendment," and was prejudicial unless it was harmless beyond a reasonable doubt).

In the instant case, there was no evidence that the juvenile personally participated in the theft of Sparks' farm equipment. Instead, the State presented evidence that the juvenile was present when the equipment was stolen and relied upon the "friend exception" to the mere presence rule, which states that "[w]hen the bystander is a friend of the perpetrator and knows that his presence will be regarded by the perpetrator as an encouragement and protection, presence alone may be regarded as an encouragement [of a crime]." *State v. Goode*, 350 N.C. 247, 260, 512 S.E.2d 414, 422 (1999) (citations omitted). The juvenile contends that his testimony was incriminating because it bolstered the State's evidence that he was friends with the two men he had identified to Corporal Doom as the perpetrators.

However, prior to the juvenile's testimony, the State had already thoroughly established, through Corporal Doom's testimony, that the juvenile had a prior relationship with the men. According to Corporal Doom, the juvenile admitted he knew the men, that they were friends with the juvenile's father, and that the juvenile had recently helped the men remove other items from Sparks' property a few days earlier.

While the juvenile's testimony provided additional facts about his relationship with the men, these facts did not alter the character of the relationship that was established by the State's evidence.

Moreover, the juvenile's defense was not that he was not friends with the men. Rather, the juvenile testified that he was not involved in any way with the theft, that he was not present at the time the equipment was stolen, that he did not know who stole the equipment, and that the equipment he had helped the men remove a few days earlier was located on the juvenile's mother's property, not Sparks' property. Since the juvenile's testimony was either consistent with the prior evidence presented by the State or was otherwise favorable to the juvenile, it cannot be considered prejudicial. Consequently, the trial court's failure to advise the juvenile of his privilege against self-incrimination was harmless beyond a reasonable doubt.

The juvenile also briefly argues that the trial court's failure to explicitly enunciate, on the record, the standard of review for a motion to dismiss when it denied the juvenile's motion at the close of the State's evidence also made its failure to comply with N.C. Gen. Stat. § 7B-2405 prejudicial. However, the juvenile cites no authority for the proposition that the trial court, in a bench trial, must state aloud the standard of review for a ruling on a motion to dismiss, and we have found none. As a result, we deem this argument abandoned pursuant to N.C.R. App. P. 28(b)(6) (2010).

### III. Conclusion

The plain language of N.C. Gen. Stat. § 7B-2405 places an affirmative duty on the trial court to protect the rights delineated therein during a juvenile delinquency adjudication. In the instant case, the trial court failed to comply with N.C. Gen. Stat. § 7B-2405 by allowing the juvenile to testify without determining if the juvenile understood his privilege against self-incrimination. However, since the juvenile's eventual testimony was not incriminating because it was either consistent with the evidence presented by the State or favorable to the juvenile, this error was harmless beyond a reasonable doubt. The trial court's orders of adjudication and disposition are affirmed.

Affirmed.

Judges STROUD and HUNTER, Jr., Robert N. concur.