ZACHARY, Judge.
 

 *477
 
 Evan Miller
 
 [1]
 
 appeals from an order committing him to placement in a youth development center and transferring his legal custody to the Mecklenburg County Department of Social Services, Youth and Family Services Division. The trial court was presented with evidence that Evan was mentally ill and failed to refer him to the area mental health services director for appropriate action as prescribed by statute. As a result, we vacate the trial court's order and remand for further action.
 

 Background
 

 On 20 July 2017, the State filed petitions against Evan Miller for common-law robbery and being an undisciplined juvenile. The State filed two more petitions against Evan on 6 September 2017 alleging common-law robbery and conspiracy to commit common-law robbery. Evan admitted to the offense of conspiracy to commit common-law robbery in exchange for dismissal of all other charges at a delinquency hearing on 23 October 2017 in Mecklenburg County District Court before the Honorable David H. Strickland. Judge Strickland entered a Level 2 disposition and placed Evan on probation for 12 months. The conditions of Evan's probation were to: (1) "Remain on good behavior and not violate any ... law"; (2) "Not violate any reasonable and lawful rules of the juvenile's parent, guardian, or custodian"; and (3) "Attend school each and every day, all classes, not have any unexcused tardies, and not be suspended or excluded from school."
 

 *676
 
 A motion for hearing was filed on 14 November 2017 alleging that Evan violated his probation by being suspended from school, together with leaving his home without permission and being away for up to three days. The motion for review was continued until January 2018. The Honorable Louis A. Trosch heard the motion for review on 26 January 2018. At the hearing, Evan admitted the probation violations. That same day, Judge Trosch entered a Level 3 disposition and committed Evan to a Youth Development Center for a minimum period of six months, and continuing until his eighteenth birthday at the maximum. Judge Trosch also ordered that the Mecklenburg County Department of Social Services, Youth and Family Services Division assume custody of Evan. Evan filed timely notice of appeal on 2 February 2018.
 

 *478
 

 Discussion
 

 Evan argues on appeal that the trial court erred by: (1) entering a disposition against Evan without referring him to the area mental health services director for appropriate action after being presented with evidence that Evan was mentally ill; (2) making a finding that Evan had been involved in criminal activity while on probation when no competent evidence supported that finding; and (3) transferring Evan's legal custody to the Department of Social Services. After review, we conclude that the trial court failed to refer Evan to the area mental health services director, as prescribed by statute, after being presented with evidence that Evan was mentally ill.
 

 The Juvenile Code governs management of cases involving undisciplined and delinquent juveniles.
 
 See
 
 N.C. Gen. Stat. §§ 7B-1500 to 7B-2706 (2017). The purpose of these procedures is to,
 
 inter alia
 
 , "deter delinquency and crime, including patterns of repeat offending ... [b]y providing appropriate rehabilitative services to juveniles."
 
 Id.
 
 § 7B-1500(2)(b). Disposition of cases involving juveniles should "[p]rovide the appropriate consequences, treatment, training, and rehabilitation to assist the juvenile toward becoming a nonoffending, responsible, and productive member of the community."
 
 Id.
 
 § 7B-2500(3). When a juvenile comes before a trial court, "the court
 
 may
 
 order that the juvenile be examined by a physician, psychiatrist, psychologist, or other qualified expert
 
 as may be needed
 
 for the court to determine the needs of the juvenile."
 
 Id.
 
 § 7B-2502(a) (emphasis added). However, when evidence of mental health issues arise, the authority to order the evaluation of a juvenile by certain medical professionals is no longer discretionary, but is required:
 

 If the court believes, or if there is evidence presented to the effect that the juvenile is mentally ill or is developmentally disabled, the court
 
 shall
 
 refer the juvenile to the area mental health, developmental disabilities, and substance abuse services director for appropriate action. ... The area mental health, developmental disabilities, and substance abuse director shall be responsible for arranging an interdisciplinary evaluation of the juvenile and mobilizing resources to meet the juvenile's needs.
 

 Id.
 
 § 7B-2502(c) (emphasis added).
 

 The use of the word "shall" indicates a statutory mandate that the trial court refer the juvenile to the area mental health services director for appropriate action, and failure to do so is error.
 
 See
 

 In re J.R.V.
 
 ,
 
 212 N.C. App. 205
 
 , 208,
 
 710 S.E.2d 411
 
 , 413 (2011) ("The use of the word
 
 *479
 
 'shall' by our Legislature [is] ... a mandate, and failure to comply with this mandate constitutes reversible error."),
 
 disc. review improvidently allowed
 
 ,
 
 365 N.C. 416
 
 ,
 
 720 S.E.2d 387
 
 (2012). When a juvenile argues to this Court that the trial court failed to follow a statutory mandate, the error is preserved and is a question of law reviewed
 
 de novo
 
 .
 
 In re G.C.
 
 ,
 
 230 N.C. App. 511
 
 , 515-16,
 
 750 S.E.2d 548
 
 , 551 (2013). "Under a
 
 de novo
 
 review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal."
 
 Id.
 
 at 516,
 
 750 S.E.2d at 551
 
 .
 

 In
 
 In re Mosser
 
 ,
 
 99 N.C. App. 523
 
 ,
 
 393 S.E.2d 308
 
 (1990), a juvenile was committed to confinement despite evidence presented to the trial court that he was mentally ill. At the juvenile's dispositional hearing, the trial court heard evidence that "the juvenile had been diagnosed as manic-depressive and was being treated with the drug lithium,"
 
 id.
 
 at 524,
 
 393 S.E.2d at 309
 
 , and the trial court
 
 *677
 
 included that evidence in its findings of fact.
 
 Id.
 
 at 525,
 
 393 S.E.2d at 310
 
 . The only basis for this evidence was "a statement made to the trial court by the mother of the juvenile."
 
 Id.
 
 at 528,
 
 393 S.E.2d at 311
 
 . While this Court in
 
 Mosser
 
 was applying the former juvenile code, the statute in that case and the one in this case are substantially similar.
 
 Compare
 
 N.C. Gen. Stat. § 7A-647(3) (1989) ("If the judge believes, or if there is evidence presented to the effect that the juvenile is mentally ill or is mentally retarded the judge shall refer him to the area mental health, mental retardation, and substance abuse director for appropriate action.")
 
 with
 
 N.C. Gen. Stat. § 7B-2502(c) (2017) ("If the court believes, or if there is evidence presented to the effect that the juvenile is mentally ill or is developmentally disabled, the court shall refer the juvenile to the area mental health, developmental disabilities, and substance abuse services director for appropriate action."). The only difference between the two statutes is the elimination of the gender-specific term "him" and more appropriate language referring to those with mental disabilities. Thus,
 
 Mosser
 
 's analysis and reasoning are applicable to this case. This Court held that "the record does not reflect a genuine inquiry into the nature of the needs of the juvenile,"
 
 Mosser
 
 ,
 
 99 N.C. App. at 528
 
 ,
 
 393 S.E.2d at 311
 
 , and that the "evidence of mental illness compels further inquiry by the trial court
 
 prior to entry of any final disposition
 
 ."
 

 Id.
 

 (emphasis added). The trial court's failure to "gain the advice of a medical specialist ... precludes commitment to the Division of Youth Services."
 
 Id.
 
 at 528,
 
 393 S.E.2d at 311-12
 
 . As a result, this Court vacated the juvenile's commitment and remanded for another dispositional order.
 
 Id.
 
 at 529,
 
 393 S.E.2d at 312
 
 .
 

 Here, the record before the trial court revealed the following mental health issues with regard to Evan: 1) a Risk and Needs Assessment filed
 
 *480
 
 19 October 2017 indicated that a facility holding Evan entertained the idea of having him involuntarily committed but decided against it and that Evan had received "a plethora of treatment services"; 2) a Risk and Needs Assessment filed 5 December 2017 stated that "[Evan] has been exposed to a number of services to address his mental health needs, development of appropriate social skills, [and] pro-social activities"; 3) a Risk and Needs Assessment filed 25 January 2018 advised that Evan's behavior indicated "a need for additional mental health ... treatment"; and 4) a Clinical Disposition Report prepared by a specialist hired by Evan's counsel asserted that Evan was "having major behavioral issues" and had been diagnosed with Conduct Disorder, Attention Deficit Disorder, Unspecified Depressive Disorder, and Cannabis Use Disorder.
 

 At the hearing on the motion for review, substantial evidence was presented to the trial court establishing Evan's mental health issues. Evan's adoptive father testified that Evan had been "discharged from intensive therapy," and has "been in five different clinical homes. He's had therapists, outpatient, inpatient, [and] intensive in-home" services. Evan's attorney noted that "behavioral health and mental health services" were offered to Evan and that "his trauma [had] not [been] adequately treated." Evan's counsel also stated, "he has had a lot of treatment options at this point, but they just haven't worked." Even the trial court acknowledged that Evan had been to "twelve different mental facilities," and contemplated ordering the Youth Development Center to provide mental health services to Evan.
 

 The trial court was presented with a plethora of evidence demonstrating that Evan was mentally ill-much more evidence than was presented in
 
 Mosser
 
 . Faced with any amount of evidence that a juvenile is mentally ill, a trial court has a statutory duty to "refer the juvenile to the area mental health ... services director for appropriate action." N.C. Gen. Stat. § 7B-2502(c). It is possible that the trial court was under the misapprehension that such a referral was unnecessary, because Evan had already received significant mental health services prior to this disposition and because the trial court recognized that it could order mental health services for Evan during his commitment. However, the statute envisions the area mental health services director's involvement in the juvenile's disposition and "responsib[ility] for arranging an interdisciplinary evaluation of
 
 *678
 
 the juvenile and mobilizing resources to meet the juvenile's needs."
 

 Id.
 

 That did not happen in this case, and the area director was unable to participate in crafting an appropriate disposition for Evan. Therefore, we vacate Evan's disposition and remand for a new dispositional hearing, and do not address his second and third assignments of error.
 
 *481
 

 Conclusion
 

 The trial court failed to refer Evan to the area mental health services director after being presented with evidence that Evan was mentally ill, as required by statute. Accordingly, we vacate Evan's disposition and remand for a new hearing that includes a referral to the area mental health services director. Evan's custody shall remain with the Department of Social Services.
 

 VACATED AND REMANDED.
 

 Judges BRYANT and DILLON concur.
 

 [1]
 

 We use a pseudonym to protect the identity of the minor involved in this case.