IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-277

 Filed: 17 September 2019

Wake County, No. 17 JB 488

IN THE MATTER OF: E.A.

 Appeal by respondent-juvenile from order entered 12 October 2018 by Judge

Robert Rader in Wake County District Court. Heard in the Court of Appeals 5

September 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Janelle E.
 Varley, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Amanda S.
 Hitchcock, for respondent-appellant juvenile.

 ZACHARY, Judge.

 Respondent-juvenile “Evan”1 appeals from a disposition and commitment

order adjudicating him to be a Level 2 delinquent juvenile. Evan argues on appeal

that, after being presented with evidence that he was mentally ill, the trial court

erred by failing to refer him to the area mental health services director. After careful

review, we vacate the disposition and commitment order and remand to the trial court

for a referral to the area mental health services director.

 Background

 1 We employ a pseudonym to protect the identity of Respondent, a minor.
 IN RE: E.A.

 Opinion of the Court

 The relevant facts are few. Between 14 December 2017 and 5 January 2018, a

Wake County juvenile court counselor approved a petition alleging that Evan (1)

committed an assault with a deadly weapon with intent to kill; (2) possessed stolen

property; and (3) committed malicious conduct upon a government official by spitting

on him. Evan admitted to the charges of assault with a deadly weapon with intent

to kill and malicious conduct, and the State dismissed the charge of possession of

stolen property. The Honorable Craig Croom adjudicated Evan as delinquent,

entered a Level 2 disposition, and ordered twelve months’ probation. One month

later, a juvenile court counselor filed a motion for review, alleging that Evan violated

his probation. On 9 October 2018, the motion for review came on for hearing before

the Honorable Robert Rader in Wake County District Court. Judge Rader found Evan

in willful violation of his probation, revoked his probation, and ordered that Evan be

committed to a youth development center with the Division of Adult Correction and

Juvenile Justice for an indefinite period, to end no later than Evan’s eighteenth

birthday.

 Grounds for Appellate Review

 Preliminarily, we address our jurisdiction to consider the merits of Evan’s

appeal. Evan filed written notice of appeal on 10 October 2018. Typed into the trial

court’s order at the bottom of the page is the date “10/9/2018.” However, the order is

 -2-
 IN RE: E.A.

 Opinion of the Court

additionally—and quite noticeably—stamped with “2018 OCT 12 A 11:07,” indicating

that the order was filed after Evan filed his notice of appeal on 10 October.

 Before a party may file notice of appeal, there must first be an entry of

judgment. See N.C. Gen. Stat. § 1A-1, Rule 58 (2017) (“[A] judgment is entered when

it is reduced to writing, signed by the judge, and filed with the clerk of court pursuant

to Rule 5.”). “When a defendant has not properly given notice of appeal, this Court is

without jurisdiction to hear the appeal.” See State v. Webber, 190 N.C. App. 649, 651,

660 S.E.2d 621, 622 (2008) (quotation marks omitted). Consequently, Evan would

need to request—and we would need to issue—a writ of certiorari to have his case

reviewed. See N.C.R. App. P. 21(a). No petition for writ of certiorari was ever filed.

However, this Court has the discretionary authority, pursuant to Appellate Rule 21,

to “treat the purported appeal as a petition for writ of certiorari and grant it in our

discretion.” Luther v. Seawell, 191 N.C. App. 139, 142, 662 S.E.2d 1, 3 (2008).

 For reasons more fully explained below, we find the facts of Evan’s case worthy

of treating his brief as a petition for writ of certiorari. We also note that the State

has not raised this jurisdictional issue in its brief, and we do not contemplate any

resulting prejudice to the State. Thus, in our discretion, we invoke this Court’s

authority pursuant to our caselaw and Appellate Rule 21, and proceed to the merits

of Evan’s appeal.

 Discussion

 -3-
 IN RE: E.A.

 Opinion of the Court

 Evan argues on appeal that the trial court erred by failing to refer him to the

area mental health services director, after being presented with evidence that Evan

was mentally ill. We agree.2

 Prior to disposition in a juvenile delinquency action, “the court may order that

the juvenile be examined by a physician, psychiatrist, psychologist, or other qualified

expert as may be needed for the court to determine the needs of the juvenile.” N.C.

Gen. Stat. § 7B-2502(a) (2017). When presented with evidence that the juvenile is

mentally ill, the trial court is required to take further action:

 If the court believes, or if there is evidence presented to the
 effect that the juvenile is mentally ill or is developmentally
 disabled, the court shall refer the juvenile to the area
 mental health, developmental disabilities, and substance
 abuse services director for appropriate action. A juvenile
 shall not be committed directly to a State hospital or
 mental retardation center; and orders purporting to
 commit a juvenile directly to a State hospital or mental
 retardation center except for an examination to determine
 capacity to proceed shall be void and of no effect. The area
 mental health, developmental disabilities, and substance
 abuse director shall be responsible for arranging an
 interdisciplinary evaluation of the juvenile and mobilizing
 resources to meet the juvenile’s needs. If
 institutionalization is determined to be the best service for
 the juvenile, admission shall be with the voluntary consent
 of the parent, guardian, or custodian. If the parent,
 guardian, or custodian refuses to consent to a mental
 hospital or retardation center admission after such
 institutionalization is recommended by the area mental
 health, developmental disabilities, and substance abuse
 director, the signature and consent of the court may be

 2 Because the trial court’s failure to refer Evan to the area mental health services director is
dispositive, we need not address his remaining arguments on appeal.

 -4-
 IN RE: E.A.

 Opinion of the Court

 substituted for that purpose. In all cases in which a
 regional mental hospital refuses admission to a juvenile
 referred for admission by the court and an area mental
 health, developmental disabilities, and substance abuse
 director or discharges a juvenile previously admitted on
 court referral prior to completion of the juvenile’s
 treatment, the hospital shall submit to the court a written
 report setting out the reasons for denial of admission or
 discharge and setting out the juvenile’s diagnosis,
 indications of mental illness, indications of need for
 treatment, and a statement as to the location of any facility
 known to have a treatment program for the juvenile in
 question.

Id. § 7B-2502(c). Notwithstanding a party’s failure to object at trial, the trial court’s

violation of a statutory mandate is reversible error, reviewed de novo on appeal. In re

E.M., ___ N.C. App. ___, ___, 823 S.E.2d 674, 676, disc. review denied, ___ N.C. ___,

___ S.E.2d ___ (2019).

 “Faced with any amount of evidence that a juvenile is mentally ill, a trial court

has a statutory duty to refer the juvenile to the area mental health services director

for appropriate action.” Id. at ___, 823 S.E.2d at 677 (quotation marks and ellipses

omitted). Section 7B-2502(c) “envisions the area mental health services director’s

involvement in the juvenile’s disposition and responsibility for arranging an

interdisciplinary evaluation of the juvenile and mobilizing resources to meet the

juvenile’s needs.” Id. at ___, 823 S.E.2d 677-78 (brackets and quotation marks

omitted).

 -5-
 IN RE: E.A.

 Opinion of the Court

 In E.M., the trial court improperly committed the juvenile to a youth

development center despite “a plethora of evidence demonstrating that [the juvenile]

was mentally ill.” Id. at ___, 823 S.E.2d at 677. The record before the trial court

established that the juvenile had received—and still required—significant mental

health treatment. Id. at ___, 823 S.E.2d at 677. A disposition report presented to the

trial court revealed that the juvenile had been diagnosed with several mental

disorders. Id. at ___, 823 S.E.2d at 677. Accordingly, this Court vacated the order

and remanded to the trial court with instructions to include a referral to the area

mental health services director. Id. at ___, 823 S.E.2d at 678.

 The State concedes that the instant case is indistinguishable from E.M., and

agrees that the trial court erred in failing to refer Evan to the area mental health

services director. The concession is well warranted. In its order, the trial court stated

that it received and considered a predisposition report, a risk assessment, and a needs

assessment. The predisposition report referred to a clinical assessment completed by

Haven House Services, which diagnosed Evan with conduct disorder, and

recommended intensive outpatient services. In addition, the Haven House

Assessment stated that (1) Evan’s conduct disorder “causes clinically significant

impairment in social, academic, or occupational functioning”; (2) Evan needs

substance abuse treatment; and (3) Evan’s behavior indicates a need for additional

mental health assessment and treatment.

 -6-
 IN RE: E.A.

 Opinion of the Court

 Conclusion

 It is patently clear that the evidence before the trial court presented Evan as

being mentally ill. Pursuant to N.C. Gen. Stat. § 7B-2502, the trial court’s failure to

refer Evan to the area mental health services director constitutes reversible error.

Accordingly, we vacate the order and remand to the trial court for referral to the area

mental health services director.3

 VACATED AND REMANDED.

 Judges ARROWOOD and HAMPSON concur.

 3 We recognize that the position of “area mental health, developmental disabilities, and
substance abuse services director” no longer exists as referenced in N.C. Gen. Stat. § 7B-2502(c). See
Jacquelyn Greene, Mental Health Evaluations Required Prior to Delinquency Dispositions, On the
Civil Side, UNC School of Government (Jan. 22, 2019, 8:00 a.m.), [https://perma.cc/TN5N-HHQS]. In
1974, the General Assembly mandated referral to the “area mental health director” when the trial
court was presented with evidence that the juvenile suffered from a mental illness. 1973 N.C. Sess.
Laws 271, 271, ch. 1157. The area director referenced in § 7B-2502(c) is now identified as the “local
management entity/managed care organization” found in N.C. Gen. Stat. § 122C-3(20b). Greene,
supra. We strongly encourage the General Assembly to update the language of § 7B-2502(c) to reflect
the current understanding and need for mental health treatment for juveniles. See K. Edward Greene,
Mental Health Care for Children: Before and During State Custody, 13 CAMPBELL L. REV. 1, 54 (1990)
(“[The child’s] right to mental health care is derived, if at all, from statutes, and legislatures have been
reluctant to mandate the delivery of such care.”).

 -7-