IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-651

No. COA22-295

Filed 4 October 2022

Mecklenburg County, No. 18 JB 279

IN THE MATTER OF: A.O.

Appeal by juvenile from order entered 24 September 2021 by Judge Reggie E. McKnight in Mecklenburg County Juvenile Court. Heard in the Court of Appeals 7 September 2022.

> *Attorney General Joshua H. Stein, by Assistant Attorney General LeeAnne N. Lawrence, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender David W. Andrews, for juvenile-appellant.*

WOOD, Judge.

¶ 1          Juvenile Anthony[1] appeals from the trial court's order adjudicating him as delinquent for the felony offense of larceny from the person, which resulted in a disposition order imposing upon him a Level 2 disposition. Because the trial court failed to advise Anthony of the privilege against self-incrimination before he testified, we vacate and remand.

## I.    Factual and Procedural Background

---

[1] We use a pseudonym to protect the identity of the juvenile.

The actions leading to the State's juvenile delinquency petition occurred in the parking lot of a Fast Mart convenience store on April 4, 2021. On the day in question, Johnny Rodriguez ("Rodriguez") went to the convenience store to purchase some drinks. According to Rodriguez, upon leaving the store, he noticed a group of male teenagers, three Hispanics and two African Americans, were standing outside. Rodriguez got into his vehicle to leave when one of the teenagers approached him asking for money and marijuana. A moment later, the teenager reached into Rodriguez's car and grabbed a container of marijuana located near the gear shifter. Rodriguez tried to retrieve the container and struggled with the teenager. According to Rodriguez, the other teenagers then started fighting him. During the fight, Rodriguez was pulled out of his car and found himself about 20 feet from the store during the attack. During the approximately five-minute fight, Rodriquez's car door remained open. As the fight progressed, Rodriguez saw someone in his car "going through [his] wallet."

Rodriguez managed to free himself and chased after the person who had his wallet until the individual tossed it into the air. Rodriguez was able to retrieve his wallet and return to his vehicle.

On April 5, 2021, the State filed a juvenile petition charging Anthony with common law robbery. On September 24, 2021, the State's petition was heard in Mecklenburg County Juvenile Court. At the adjudication hearing, Rodriquez

testified that, due to an eye injury sustained during the attack, he was unable to identify Anthony as the individual who took his wallet. When Rodriguez was asked if he was able to identify the person who stole his wallet, he responded, "I'm not sure if it was him or if it was another one." At the close of the State's evidence Anthony's counsel moved the trial court to dismiss the charge, but the trial court denied the motion.

¶ 5 Anthony was called by his attorney to testify at the hearing and testified on his own behalf. The trial court did not administer any oral or written warnings to Anthony before he testified. Anthony testified that he was at the convenience store on April 4, 2021 with several friends, and that it was his friends, but not him, who started fighting Rodriguez. Anthony further testified that when Rodriguez's car was empty and "nobody was around[,]" he "jumped in the car . . . [and] took [Rodriguez's] wallet." Anthony further testified that when Rodriguez chased after him and tried to grab him, he "threw [the wallet] in the air."

¶ 6 The trial court concluded that Anthony had taken Rodriquez's wallet and adjudicated Anthony delinquent for committing larceny from the person. The trial court ordered a Level II disposition. Anthony gave oral notice of appeal in open court.

## II. Analysis

¶ 7 On appeal, Anthony argues the trial court (1) erred by adjudicating him as delinquent for larceny from the person; and (2) violated N.C. Gen. Stat. § 7B-2405 by

failing to advise Anthony of the privilege against self-incrimination. We agree the trial court erred by failing to advise Anthony of his privilege against self-incrimination. Because we vacate the adjudication order and remand for the court's failure to provide the statutory warnings against self-incrimination, we need not address Anthony's remaining argument.

**A. Fifth Amendment Right Against Self-Incrimination**

¶ 8        Anthony argues the trial court erred by failing to protect his privilege against self-incrimination as required by N.C. Gen. Stat. § 7B-2405. Because of this error, Anthony contends that this Court should remand the case for a new adjudication hearing. The State concedes that the trial court committed error by failing to advise Anthony of his constitutional right against self-incrimination. We agree that the trial court violated N.C. Gen. Stat. § 7B-2405 and that this error was prejudicial.

¶ 9        At the outset, we note Anthony's counsel did not object to this issue at the trial court. The general rule is a defendant's failure to object at the trial court to any alleged error precludes the defendant from later raising the issue on appeal. N.C. R. App. P. 10(a)(1); *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985). However, "when a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding defendant's failure to object at trial." *Ashe,* 314 N.C. at 39, 331 S.E.2d at 659. *See In re E.M.*, 263 N.C. App. 476, 479, 823 S.E.2d 674, 676 (2019). Since Anthony alleges

the trial court acted contrary to its statutory mandate, we conduct a *de novo* review notwithstanding Anthony's failure to object at trial. *In re E.M.*, 263 N.C. App. at 479, 823 S.E.2d at 676.

¶ 10 "Our courts have consistently recognized that the State has a greater duty to protect the rights of a respondent in a juvenile proceeding than in a criminal prosecution." *In re J.R.V.*, 212 N.C. App. 205, 207, 710 S.E.2d 411, 412 (2011) (quoting *In re T.E.F.,* 359 N.C. 570, 575, 614 S.E.2d 296, 299 (2005). The General Assembly has taken measures to ensure that a juvenile's rights are protected during a delinquency adjudication. *In re J.R.V.*, 212 N.C. App. at 207, 710 S.E.2d at 412. N.C. Gen. Stat. § 7B-2405 states, "In the adjudicatory hearing, the court shall protect the following rights of the juvenile and the juvenile's parent, guardian, or custodian to assure due process of law: . . . [t]he privilege against self-incrimination." N.C. Gen. Stat. § 7B-2405(4) (2021).

¶ 11 The use of the word "shall" by our Legislature in Section 7B-2405(4) "has been held by this Court to be a mandate, and the failure to comply with this mandate constitutes reversible error." *In re J.R.V.*, 212 N.C. App. at 208, 710 S.E.2d at 413 (citation omitted). Thus, the "plain language of N.C. Gen. Stat. § 7B-2405 places an affirmative duty on the trial court to protect the rights delineated therein during a juvenile delinquency adjudication," including a juvenile's right against self-incrimination. *Id.,* at 210, 710 S.E.2d at 414. A trial court "cannot satisfy this

affirmative duty by doing absolutely nothing." *Id.* at 208, 710 S.E.2d at 413. Every defendant has a constitutional right under the Fifth Amendment of the United States Constitution to not "be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. The General Assembly has taken affirmative steps to ensure that the court protects the constitutional rights of juveniles regardless of the actions of the State or the juvenile's attorney. "[A]t the very least, some colloquy [is required] between the trial court and juvenile to ensure the juvenile understands his right against self-incrimination before choosing to testify at his adjudication hearing." *In re J.B.*, 261 N.C. App. 371, 373, 820 S.E.2d 369, 371 (2018) (quoting *In re J.R.V.,* 212 N.C. App. at 209, 710 S.E.2d at 413).

¶ 12 In the instant case, there was no colloquy between the trial court and Anthony. After the trial court denied the motion to dismiss at the end of the State's evidence, the juvenile's attorney called Anthony to testify. The trial court directed Anthony to stand up and to be sworn. Anthony did so and then testified. However, at no point did the trial court advise Anthony that he had the right not to incriminate himself. Because the trial court failed to engage in any colloquy with Anthony about the privilege against self-incrimination before Anthony testified, the court failed to follow its statutory mandate from N.C. Gen. Stat. § 7B-2405 to protect the juvenile's constitutional privilege against self-incrimination.

¶ 13 When a trial court violates N.C. Gen. Stat. § 7B-2405, the error is "prejudicial

unless it was harmless beyond a reasonable doubt." *In re J.R.V.*, 212 N.C. App. at 209, 710 S.E.2d at 413. The State has the burden of demonstrating that a violation of a constitutional right is harmless beyond a reasonable doubt. *State v. McKoy*, 327 N.C. 31, 44, 394 S.E.2d 426, 433 (1990). Anthony argues, and the State concedes, that the State cannot demonstrate the trial court's error was harmless beyond a reasonable doubt. In fact, until Anthony testified and incriminated himself, there was no evidence about the identity of the person who took Rodriguez's wallet. We, therefore, conclude that the trial court's failure to comply with the mandate of N.C. Gen. Stat. § 7B-2405 was prejudicial and not harmless beyond a reasonable doubt. The proper remedy is to vacate the adjudication order and remand for a new hearing, during which Anthony can be properly advised of his rights, should he choose to testify.

## III. Conclusion

For the reasons stated herein, we hold that the trial court failed in its affirmative duty to protect Anthony's constitutional right against self-incrimination. Accordingly, we vacate the adjudication order and subsequent dispositional order and remand this case to the juvenile court for a new hearing.

VACATED AND REMANDED.

Judges HAMPSON and GRIFFIN concur.