IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-965

Filed 05 September 2023

Onslow County, No. 21-JB-201

IN THE MATTER OF: S.C.

Appeal by Juvenile-appellant from order entered 23 June 2022 by Judge James L. Moore Jr. in Onslow County District Court. Heard in the Court of Appeals 9 August 2023.

*Attorney General Joshua H. Stein, by Assistant Attorney General, Janelle E. Varley, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Heidi Reiner, for juvenile-appellant.*

MURPHY, Judge.

Juvenile-appellant, Karen,[1] appeals the trial court's adjudication and disposition orders sentencing her to eight months' probation. Under N.C.G.S. § 7B-2405(4), a trial court must advise a juvenile of her right to remain silent against prejudicial self-incrimination during an adjudicatory hearing. We hold, as the State concedes, that Karen's statutory right under N.C.G.S. § 7B-2405(4) were violated when she testified without the trial court first conducting a colloquy regarding her

---

[1] We use pseudonyms to protect the identity of all juveniles and for ease of reading.

right to avoid self-incrimination. Accordingly, we vacate the adjudication and disposition orders and remand for a new hearing.

## BACKGROUND

On 10 November 2021, the State filed a juvenile petition alleging that Karen committed misdemeanor assault against Iris in violation of N.C.G.S. § 14-33(c)(1). At the 24 March 2022 adjudicatory hearing, Karen denied the allegation. Karen's attorney made a motion to dismiss after the close of the State's evidence, which the trial court denied. Karen's attorney then called her to the witness stand to testify. The trial court did not ask Karen any questions or engage in a colloquy with her before she testified about the assault allegation. Nor did the trial court inform Karen of her right to remain silent; that her testimony could be used against her; or that she was entitled to invoke her constitutional privilege against self-incrimination.

The contested adjudicatory hearing concluded in the trial court finding Karen responsible for the lesser included offense of simple assault. Karen's attorney gave notice of appeal from the trial court's adjudication, and no formal disposition order was entered until 23 June 2022. Karen was sentenced to probation for the simple assault and appealed. On 1 June 2023, we allowed Karen's *Motion for Peremptory Setting and Motion to Expedite Consideration*.

## ANALYSIS

Karen argues that the trial court violated N.C.G.S. § 7B-2405(4) by allowing her to testify without first advising her regarding her privilege against self-

incrimination. Additionally, Karen contends that the error was prejudicial because her testimony was self-incriminating.[2] We agree.

"Our courts have consistently recognized that the State has a greater duty to protect the rights of a respondent in a juvenile proceeding than in a criminal prosecution." *In re J.R.V.*, 212 N.C. App. 205, 207 (2011), *disc. rev. improvidentially allowed*, 365 N.C. 416 (2012) (quoting *In re T.E.F.*, 359 N.C. 570, 575 (2005)). N.C.G.S. § 7B-2405 provides, in pertinent part, that "the court *shall* protect the following rights of the juvenile and the juvenile's parent, guardian, or custodian to assure due process of law," including "[t]he privilege against self-incrimation." N.C.G.S. § 7B-2405(4) (2022) (emphasis added). "[B]y stating that the trial court *shall* protect a juvenile's delineated rights, [the General Assembly] places an affirmative duty on the trial court to protect . . . a juvenile's right against self-incrimination." *In re J.R.V.*, 212 N.C. App. at 208 (emphasis added). "The plain language of N.C.G.S. § 7B-2405 places an affirmative duty on the trial court to protect the rights delineated therein during a juvenile delinquency adjudication." *In re J.B.*, 261 N.C. App. 371, 373 (2018), *disc. rev. denied*, 372 N.C. 104 (2019).

While N.C.G.S. § 7B-2405 "does not provide the explicit steps a trial court must follow when advising a juvenile of [her] rights, the statute requires, at the very least,

---

[2] The State agrees with Karen that the trial court did not comply with N.C.S.G. 7B-2405(4) and thus did not properly adjudicate Karen. Further, the State does not dispute Karen's argument that the testimony was self-incriminatory and therefore prejudicial.

*some* colloquy between the trial court and the juvenile to ensure that the juvenile understands [her] right against self-incrimination before choosing to testify at [her] adjudication hearing." *In re J.R.V.*, 212 N.C. App. at 208-209. Here, the trial court did not, at any time, discuss with, or inquire from, Karen whether she understood the implications of testifying. Karen incriminated herself when she testified to assaulting Iris both on direct and cross examination. On direct examination, Karen incriminated herself by giving the following testimony:

> [COUNSEL]: Based on her demeanor at the time did you believe that there was a chance she may strike you?
>
> [KAREN]: Yeah. That she might try to beat me?
>
> . . .
>
> [COUNSEL]: Did you ever hit her in the back of the head?
>
> [KAREN]: No. I just punched her face.

After the initial questioning by her attorney, Karen again incriminated herself by admitting on cross-examination that she "pushed" Iris:

> [STATE]: Yes, [Karen], just one—one question. You said before that "after she called me daddy long legs I"—something her. Did you say punched her or pushed?
>
> [KAREN]: Pushed.
>
> [STATE]: Pushed. Thank you.

The State also benefited from re-eliciting Karen's admission on cross-examination to secure a simple assault adjudication instead of an assault inflicting

serious injury. The State's closing argument relied on Karen's incriminatory testimony:

> Your Honor, as to the facts that aren't in dispute that there was some kind of verbal negative interactions like an argument, cursing, shouting match, insults being thrown around, but by [Karen's] own admission "after she called me daddy long legs, I pushed her," so there's—there's no dispute per the testimony that the—that [Karen] put hands on [Iris] first. So because of that I would ask you to find her guilty.

After the State's closing argument, the trial court adjudicated Karen responsible for the simple assault, which Karen admitted to during her responses to the State's inquiries.

We held in *J.B.* that "failure to follow the statutory mandate when conducting an adjudication hearing constitutes reversible error unless proven to be harmless beyond a reasonable doubt." *In re J.B.*, 261 N.C. App. at 373–374 (citing *In re J.R.V.*, 212 N.C. App. at 209). Likewise, in *J.R.V.*, where "there was absolutely no colloquy between the juvenile and the trial court," it was determined that "the trial court's failure to follow its statutory mandate" was error. *In re J.R.V.*, 212 N.C. App. at 209. Nevertheless, we found harmless error beyond a reasonable doubt in *J.R.V.* because "the juvenile's eventual testimony was not incriminating[] [as] it was either consistent with the evidence presented by the State or favorable to the juvenile[.]" *Id.* at 210. The State has the burden of proving that a violation of a constitutional right is harmless beyond a reasonable doubt. *State v. McKoy*, 327 N.C. 31, 44 (1990).

Here, the State concedes reversible error.

In *J.B.*, "the State offered [the complaining party's] testimony to establish the basis of the assault charge that [the juvenile] threw the milk carton hitting [the complaining party] in the face." *In re J.B.*, 261 N.C. App. at 374. Later, when "[the juvenile] made incriminating statements as he admitted to throwing the milk carton out of frustration . . . the State used the admission to further support" its assertion against the juvenile. *Id.* We held that "[the juvenile's] testimony and the manner in which the State attempted to use the testimony was prejudicial." *Id.* Like in *J.B.*, here, Karen's testimony was undoubtedly incriminatory as she admitted having either "pushed" or "punched" Iris during their altercation. The State's re-eliciting of Karen's admission on cross-examination to secure a simple assault adjudication against her was prejudicial.

The trial court did not conduct the colloquy as required by statute, which violated Karen's rights, and rendered her testimony inadmissible and prejudicial. N.C.G.S. § 7B-2405(4) (2023). As the trial court failed in its duty to protect [Karen's] constitutional right against self-incrimination, we vacate the adjudication order and remand for rehearing.

**<u>CONCLUSION</u>**

The trial court erred by failing to comply with N.C.G.S. § 7B-2405(4). The trial court failed to have a colloquy with Karen to advise her of her privilege against self-incrimination before she testified. Further, Karen's self-incriminating testimony was

not harmless beyond a reasonable doubt.  We vacate the trial court's adjudication and disposition orders and remand for a new adjudicatory hearing on simple assault.

VACATED AND REMANDED.

Judges HAMPSON and WOOD concur.